# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

JUSTIN X. HALE,

    *Plaintiff,*

V.

JAMIE MCGREGOR, AND
USA RUGBY,

    *Defendants.*

§
§
§
§
§
§
§
§
§
§
§
§

CASE NO. 1:24-cv-01076-RP

## DEFENDANT JAMIE MCGREGOR'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendant, Jamie McGregor ("McGregor"), a Defendant in this case, and pursuant to FED. R. CIV. P. 15(a)(1)(A) files this Original Answer to Plaintiff, Justin X. Hale's ("Plaintiff") Amended Complaint, and in support thereof, McGregor would show unto the Court the following:

## I. INTRODUCTION

1. McGregor is without sufficient knowledge to admit or deny the allegations contained in Paragraph 1.

2. McGregor admits that Plaintiff was a part of the USA Rugby Regional Development Group and was contracted as an assistant referee at the 2021 Club XVs National Championship. McGregor denies that the 2021 Club XVs National Championship was a USA Rugby ("USAR") event. McGregor also denies the remaining allegations contained in Paragraph 2.

3. McGregor admits that in 2022 Plaintiff was individually and independently contracted to work as a match official for that year's D1AA National Championship, Collegiate Rugby Championship, Club 7s National Championship, and the CRAA Collegiate National Championship. McGregor denies that any of these were USAR events. McGregor is without sufficient knowledge to admit or deny the remaining allegations contained in Paragraph 3.

4. McGregor admits that in 2023 Nick Ricono contracted with Plaintiff to be part of the HSBC 7 referee crew. McGregor is without sufficient knowledge to admit or deny what involvement Plaintiff has had with other organizations, or his travel history. On information and belief, McGregor denies the remaining allegations in Paragraph 4.

5. McGregor admits that Plaintiff was an independent contractor who was contracted to referee the 2021 USA Club XVs National Championship. USAR had no involvement in the contracting process for the other listed events. McGregor also admits that Plaintiff was present at the Japan Men (2023/2024) rugby event. McGregor is without sufficient knowledge to admit or deny the remaining allegations contained in Paragraph 5.

6. McGregor admits that Plaintiff is a member of his local union. McGregor also admits that Plaintiff was present at RDG and NDG and taught a single assistant referee course for less than two hours. McGregor is without sufficient knowledge to admit or deny Plaintiff's involvement with other organizations. On information and belief, McGregor denies the remaining allegations in Paragraph 6.

7. McGregor admits.

8. McGregor admits.

9. Paragraph 9 contains legal conclusions to which no response is required.

## II.     JURISDICTION

10. McGregor admits that this Court has jurisdiction over Plaintiff's claims based on diversity of citizenship between the parties.

## III.     STATEMENT OF FACTS

11. McGregor is without sufficient knowledge to admit or deny the allegations contained in Paragraph 11.

12. McGregor admits that Plaintiff has previously been contracted as a 1099 independent contractor. McGregor denies that Plaintiff had "extensive experience" refereeing for MLR. McGregor is without sufficient knowledge to admit or deny the remaining allegations contained in Paragraph 12.

13. McGregor admits that Plaintiff participated as a referee at the April 28-30, 2023, Collegiate Rugby Championships in Washington D.C. McGregor is without sufficient knowledge to admit or deny the allegations contained in Paragraph 13.

14. McGregor is without sufficient knowledge to admit or deny the allegations contained in Paragraph 14.

15. McGregor denies that the NCR operates a "parallel" collegiate rugby association to the Collegiate Rugby Association of America (CRAA). McGregor admits that USAR does recognize the CRAA.

16. McGregor admits that on March 18, 2023, Plaintiff was initially provided an opportunity to contract as an independent contractor at the CRAA 7s Championship.

17. McGregor admits he had a phone call with Plaintiff on May 1, 2023. McGregor denies the remaining allegations contained in Paragraph 17.

18. Paragraph 18 contains legal conclusions to which no response is required. McGregor denies the remaining allegations contained in Paragraph 18.

19. Paragraph 19 contains legal conclusions to which no response is required. McGregor denies the remaining allegations contained in Paragraph 19.

20. McGregor admits that he communicated Plaintiff's ineligibility to participate as an independent contractor.

21. McGregor admits.

22. McGregor admits.

23. McGregor admits that on March 15, 2024, he emailed Plaintiff, but denies the remaining allegations contained in Paragraph 23.

24. Paragraph 24 contains legal conclusions to which no response is required. McGregor denies all other allegations contained in Paragraph 24

25. Paragraph 25 contains legal conclusions to which no response is required. McGregor denies all other allegations contained in Paragraph 25.

26 McGregor admits that on March 25, 2024, he had a Zoom video call with Plaintiff witnessed by Marquise Goodwin. McGregor denies all other allegations contained in Paragraph 26.

27 McGregor is without sufficient knowledge to admit or deny the allegations contained in Paragraph 27.

28. McGregor is without sufficient knowledge to admit or deny what other events Plaintiff was contracted for, as USAR was not involved in that process. McGregor denies the remaining allegations contained in Paragraph 28.

29. McGregor admits that on July 1, 2024, Plaintiff communicated with Nick Ricono . McGregor is without knowledge to admit or deny the remaining allegations contained in Paragraph 29.

30. Paragraph 30 contains legal conclusions to which no response is required. McGregor denies all other allegations contained in Paragraph 30.

31. Paragraph 31 contains legal conclusions to which no response is required. McGregor denies all other allegations contained in Paragraph 31.

32. Paragraph 32 contains legal conclusions to which no response is required. McGregor denies all other allegations contained in Paragraph 32.

33. Paragraph 33 contains legal conclusion to which no response is required. McGregor denies all other allegations contained in Paragraph 33.

## IV. CLAIMS

### Tortious Interference:

34. McGregor incorporates by reference each and every preceding paragraph of his Answer as if fully set forth herein.

35. Paragraph 34 contains legal conclusions to which no response is required. McGregor denies all other allegations contained in Paragraph 34.

a. McGregor is without knowledge to admit or deny what contracts Plaintiff had with the CRAA and MLR as an independent contractor to act as a referee after May 1, 2023. The remainder of Subpart (a) contains legal conclusions to which no response is required.

b. McGregor denies that Plaintiff had enforceable contracts with the CRAA and MLR as an independent contractor to act as a referee after May 1, 2023. The remainder of Subpart (b) contains legal conclusions to which no response is required.

c. Subpart (c) contains legal conclusion to which no response is required. McGregor denies all other allegations contained in Subpart (c).

d. Subpart (d) contains legal conclusion to which no response is required. McGregor denies all other allegations contained in Subpart (d).

e. Subpart (e) contains legal conclusion to which no response is required. McGregor denies all other allegations contained in Subpart (e).

**Retaliation:**

36. McGregor incorporates by reference each and every preceding paragraph of its answer as if fully set forth herein.

37. Paragraph 35 contains no allegations that require an admission or denial. McGregor denies all other allegations contained in Paragraph 35.

a. Subpart (a) contains legal conclusions to which no response is required. McGregor denies all other allegations contained in Subpart (a).

b. Subpart (b) contains legal conclusions to which no response is required. McGregor denies all other allegations contained in Subpart (b).

c. Subpart (c) contains legal conclusions to which no response is required. McGregor denies all other allegations contained in Subpart (c).

d. Subpart (d) contains legal conclusions to which no response is required. McGregor denies all other allegations contained in Subpart (d).

## Defamation:

38.  McGregor incorporates by reference each and every preceding paragraph of its answer as if fully set forth herein.

39.  Paragraph 36 contains legal conclusions to which no response is required. McGregor denies all other allegations contained in Paragraph 36.

a.  Subpart (a) contains legal conclusions to which no response is required. McGregor denies all other allegations contained in Subpart (a).

b.  Subpart (b) contains legal conclusions to which no response is required. McGregor denies all other allegations contained in Subpart (b).

c.  Subpart (c) contains legal conclusions to which no response is required. McGregor denies all other allegations contained in Subpart (c).

d.  Subpart (d) contains legal conclusions to which no response is required. McGregor denies all other allegations contained in Subpart (d).

## Breach of Contract:

40.  McGregor incorporates by reference each and every preceding paragraph of its answer as if fully set forth herein.

41.  Paragraph 37 contains legal conclusions to which no response is required. McGregor denies all other allegations contained in Paragraph 37.

a.  Subpart (a) contains legal conclusions to which no response is required. McGregor denies all other allegations contained in Subpart (a).

b. Subpart (b) contains legal conclusions to which no response is required. McGregor denies all other allegations contained in Subpart (b).

c. Subpart (c) contains legal conclusions to which no response is required. McGregor denies all other allegations contained in Subpart (c).

d. Subpart (d) contains legal conclusions to which no response is required. McGregor denies all other allegations contained in Subpart (d).

**Violation of the Ted Stevens Act:**

42. McGregor incorporates by reference each and every preceding paragraph of its answer as if fully set forth herein.

43. Paragraph 38 contains legal conclusions to which no response is required. McGregor denies all other allegations contained in Paragraph 38.

a. Subpart (a) contains legal conclusions to which no response is required. McGregor denies all other allegations contained in Subpart (a).

b. Subpart (b) contains legal conclusions to which no response is required. McGregor denies all other allegations contained in Subpart (b).

c. Subpart (c) contains legal conclusions to which no response is required. McGregor denies all other allegations contained in Subpart (c).

d. Subpart (d) contains legal conclusions to which no response is required. McGregor denies all other allegations contained in Subpart (d).

## Discriminatory Treatment:

44. McGregor incorporates by reference each and every preceding paragraph of its answer as if fully set forth herein.

45. Paragraph 39 contains legal conclusions to which no response is required. McGregor denies all other allegations contained in Paragraph 39.

    a. Subpart (a) contains legal conclusions to which no response is required. McGregor denies all other allegations contained in Subpart (a).

    b. Subpart (b) contains legal conclusions to which no response is required. McGregor denies all other allegations contained in Subpart (b).

    c. Subpart (c) contains legal conclusions to which no response is required. McGregor denies all other allegations contained in Subpart (c).

    d. Subpart (d) contains legal conclusions to which no response is required. McGregor denies all other allegations contained in Subpart (d).

    e. Subpart (e) contains legal conclusions to which no response is required. McGregor denies all other allegations contained in Subpart (e).

    f. Subpart (f) contains legal conclusions to which no response is required. McGregor denies all other allegations contained in Subpart (f).

## Intentional Infliction of Emotional Distress:

46. McGregor incorporates by reference each and every preceding paragraph of its answer as if fully set forth herein.

47. Paragraph 40 contains legal conclusions to which no response is required. McGregor denies all other allegations contained in Paragraph 40.

a.  Subpart (a) contains legal conclusions to which no response is required. McGregor denies all other allegations contained in Subpart (a).

b.  Subpart (b) contains legal conclusions to which no response is required. McGregor denies all other allegations contained in Subpart (b).

c.  Subpart (c) contains legal conclusions to which no response is required. McGregor denies all other allegations contained in Subpart (c).

d.  Subpart (d) contains legal conclusions to which no response is required. McGregor denies all other allegations contained in Subpart (d).

i.  Subpart (i) contains legal conclusions to which no response is required. McGregor denies all other allegations contained in Subpart (i).

ii.  Subpart (ii) contains legal conclusions to which no response is required. McGregor denies all other allegations contained in Subpart (ii).

iii.  Subpart (iii) contains legal conclusions to which no response is required. McGregor denies all other allegations contained in Subpart (iii).

e.  Subpart (e) contains legal conclusions to which no response is required. McGregor denies all other allegations contained in Subpart (e).

**Disparate Treatment Based on Race:**

48.  McGregor incorporates by reference each and every preceding paragraph of its answer as if fully set forth herein.

49.  Paragraph 41(a) contains legal conclusions to which no response is required. McGregor admits that Plaintiff is a black male. McGregor denies all other allegations contained in Subpart 41(a).

i.　　Subpart (i) contains legal conclusions to which no response is required. McGregor denies all other allegations contained in Subpart (i).

ii.　　Subpart (ii) contains legal conclusions to which no response is required. McGregor denies all other allegations contained in Subpart (ii).

iii.　　Subpart (iii) contains legal conclusions to which no response is required. McGregor denies all other allegations contained in Subpart (iii).

iv.　　Subpart (iv) contains legal conclusions to which no response is required. McGregor denies all other allegations contained in Subpart (iv).

v.　　Subpart (v) contains legal conclusions to which no response is required. McGregor denies all other allegations contained in Subpart (v).

vi.　　Subpart (vi) contains legal conclusions to which no response is required. McGregor denies all other allegations contained in Subpart (vi).

vii.　　Subpart (vii) contains legal conclusions to which no response is required. McGregor denies all other allegations contained in Subpart (vii).

## V.　　**Prayer for Relief**

50.　　McGregor denies all allegations contained in the Prayer section of Plaintiff's Amended Complaint.

## VI.　　**AFFIRMATIVE DEFENSES**

51.　　McGregor states the following affirmative defenses to Plaintiff's Amended Complaint (and any supplements or amendments thereto), but he does not assume the burden of proof on any such defenses, except as otherwise required by law. McGregor reserves the right to

assert additional defenses and to otherwise supplement or amend its Answer. Each of these defenses are pled in the alternative, as all liability is denied. McGregor reserves the right to add additional affirmative defenses should it become aware of such during the course of discovery.

52. Plaintiff fails to state any claim, in whole or in part, upon which relief may be granted.

53. Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to mitigate his damages, if any.

54. Plaintiff's claims under Title VII and related statutes are barred, in whole or in part, because he was never an employee of McGregor.

55. Plaintiff's claims under Texas State law are preempted under the TED STEVENS ACT.

56. Plaintiff's claims are barred because actions taken by USAR's officers, employees, and agents, in connection with Plaintiff's contractual relationship with USAR, if any, were based on legitimate, non-discriminatory and non-retaliatory business reasons and were done within the scope of USAR's discretionary authority, in the exercise of proper managerial discretion, and with a reasonable and good faith belief that their actions at all times were lawful, proper and justified.

57. Plaintiff's claims are barred because USAR's and/or McGregor's decisions with respect to Plaintiff's opportunity to contract were justified based upon their judgment of Plaintiff's qualifications, effort, experience, responsibility, business revenues, market conditions, and/or other bona fide qualifications.

58. Any protected characteristic or protected activity on the part of Plaintiff was not a "motivating factor" in any decision related to contracting with Plaintiff.

59.     Without waiver of Plaintiff's burden to prove that decisions related to his contracting were motivated by an impermissible factor, any finding that an adverse employment action taken by USAR and/or McGregor was an unlawful employment practice, if any, is countered by the fact that USAR and/or McGregor would have taken the same actions in the absence of any such impermissible factors regardless of Plaintiff's alleged protected status.

60.     Plaintiff's claims are barred because each and every act done or statement made by USAR's officers, employees, and agents, with reference to the matters at issue, were done within the scope of its discretionary authority, in the exercise of proper managerial discretion, and with a reasonable and good faith belief that their actions at all times were lawful, proper and justified.

61.     Plaintiff's claims are barred by the doctrines of waiver and/or estoppel.

62.     Plaintiff's claims are barred by the doctrine of unclean hands.

63.     Plaintiff's alleged damages are too speculative to be permitted.

64.     Plaintiff's claim for punitive and/or exemplary damages are barred because McGregor's employer USAR, has anti-discrimination policies and procedures in place and made good faith efforts to educate its employees on those policies and procedures. To the extent Plaintiff unreasonably failed to take advantage of the preventative or corrective opportunities provided by McGregor's employer USAR, or to avoid harm otherwise, Plaintiff's claims of alleged discriminations and/or retaliation are barred.

65.     Without admitting Plaintiff has suffered any damages as a result of any wrongdoing by McGregor, Plaintiff's damages, if any, must be reduced by any wages, compensation, or other benefits received by Plaintiff.

66.     To the extent Plaintiff pleads alternatively as to theories of liability, Plaintiff is limited to one recovery for the same alleged harm and/or is required to elect his remedies.

## IX.  PRAYER

Subject to the foregoing, Defendants McGregor prays that upon final judgment: (a) all relief requested by Plaintiff be denied; (b) all costs be taxed against Plaintiff; and (c) for such further relief to which McGregor may be entitled.

Respectfully submitted,

GORDON REES SCULLY MANSUKHANI, LLP

By: */s/ Philip Robert Brinson*
     Philip Robert Brinson
     State Bar No. 00787139
     Federal Bar No. 00787139
     TransWestern Tower
     1900 West Loop South, Suite 1000
     Houston, Texas 77027
     (713) 490-4834 – Telephone
     (713) 961-3938 – Facsimile
     prbrinson@grsm.com

**ATTORNEY FOR DEFENDANTS,
JAMIE MCGREGOR AND
USA RUGBY**

## CERTIFICATE OF SERVICE

I certify that on November 4, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and mailed a copy of the foregoing to:

Justin X. Hale
107 Grapefruit Rd.
Hutto, TX 78634
(979) 703-0894
justinxhale@gmail.com

                */s/ Philip Robert Brinson*
                Philip Robert Brinson