**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| JUSTIN X. HALE, | § § § | |
| *Plaintiff,* | § § | |
| V. | § § | CASE NO. 1:24-cv-01076-RP |
| JAMIE MCGREGOR, AND USA RUGBY, | § § § § | |
| *Defendants.* | § § | |

**DEFENDANTS' FIRST AMENDED MOTION IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COME NOW, Defendants, Jamie McGregor ("McGregor") and USA RUGBY ("USAR"), who files this First Amended Motion in Opposition to Plaintiff Justin X. Hale's ("Plaintiff") Motion for Leave to File Second Amended Complaint ("Motion"), pursuant to FEDERAL RULE OF CIVIL PROCEDURE 15(a)(2), and in support thereof would show unto the Court the following:

**INTRODUCTION**

On December 31, 2024, Plaintiff filed a Motion for Leave to File Second Amended Complaint, with the exact same Second Amended Complaint attached as Plaintiff inappropriately attempted to file a month earlier.

While Plaintiff's proposed Second Amended Complaint is certainly longer, it fails to resolve the deficiencies in his pleadings enumerated in the outstanding 12(b)(6) Motions to Dismiss filed by McGregor and USAR. Therefore, granting Plaintiff leave to late file his Second Amended Complaint now is impermissible, primarily because it would not cure his myriad pleading defects or otherwise change the final outcome of this Court's ruling on pending 12(b)(6)

Motions, and would serve only to impose an undue burden on Defendants.

## PROCEDURAL HISTORY

Plaintiff filed his Original Complaint with this Court on September 11, 2024. (Doc. 1). Before Defendants could secure representation, much less respond to the Original Complaint, on September 20, 2024, Plaintiff filed his First Amended Complaint. (Doc. 3). Defendants secured representation via Defendants' counsel, undersigned, on October 4, 2024. All parties subsequently agreed to an extension of Defendants' deadline to file Responsive Pleadings to October 29, 2024. (Doc. 5). Having identified multiple deficiencies in Plaintiff's First Amended Complaint and the claims for relief asserted therein, on November 4, 2024, Defendants filed a Rule 12(b)(6) Motion to Dismiss Defendant Jamie McGregor ("McGregor") and a Rule 12(b)(6) Motion to Dismiss USA Rugby. (Doc. 6 and Doc. 7). Shortly thereafter, Defendants filed Defendant Jamie McGregor's Original Answer and Defendant USA Rugby's Original Answer. (Doc. 8 and Doc. 9). On November 24, 2024, without the required consent of Defendants' counsel and without leave of this Court, Plaintiff impermissible attempted to file his Second Amended Complaint. (Doc. 10). Citing those same deficiencies in filing, on December 10, 2024, this Court struck Plaintiff's Second Amended Complaint. (Doc. 11).

On December 30, 2024, Plaintiff communicated via email with Defendants' counsel requesting their consent for him to file another amended complaint. Defendants denied this request the same day. On December 31, 2024, Plaintiff filed a Motion for Leave to File Second Amended Complaint with the Court. (Doc. 13). In that motion, Plaintiff incorrectly claims to have cured the defects in his pleadings made the basis of Defendants' outstanding Rule 12(b)(6) Motions to Dismiss. In actuality, the Second Amended Complaint attached as an exhibit to his Motion for Leave is the same Second Amended Complaint Plaintiff attempted to file in November 2024,

which adds more color related to the details of his claims, but it completely fails to address or add the actual missing elements to them.

<u>**ARGUMENTS AND AUTHORITIES**</u>

Under FED. R. CIV. P. 15(a)(1), "[a] party may amend its Complaint once as a matter of course no later than 21 days after serving it, or, if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." In all other cases, "a party may amend its pleading only with the opposing party's written consent or the court's leave." *See* FED. R. CIV. P. 15(a)(2) (emphasis added). While Rule 15(a) does state that leave to amend pleadings "shall be freely given "when justice so requires", the Fifth Circuit has repeatedly emphasized that such leave "is by no means automatic". *Addington v. Farmer's Elevator Mut. Ins. Co.*, 650 F.2d 663, 666 (5th Cir. 1981) (citing *Layfield v. Bill Heard Chevrolet Company*, 607 F.2d 1097, 1099 (5th Cir. 1979, cert. denied 446 U.S. 939 (1980).

The Fifth Circuit has recognized numerous circumstances where a court is right to deny a plaintiff leave to amend their pleadings, including "when the moving party engaged in undue delay, or attempted to present theories of recovery seriatim to the district court." *Goldstein v. MCI WorldCom*, 340 F.3d 238, 254 (5th Cir. 2003) (citing *S. Constructors Grp., Inc. v. Dynalectric Co.*, 2F.3d 606, 612 (5th Cir. 1993)). The Fifth Circuit has repeatedly held that it was impermissible undue delay to allow a plaintiff to amend their complaint if the amendment would not cure the defects and deficiencies in their claims. See e.g., Talarico v. Johnson, 2024 WL 939738, at *5 (5th Cir. Mar. 5, 2024) ("it does not appear the deficiencies bout be corrected and adding his new claim would be futile.")

The full extent of Plaintiff's pleading defects are enumerated and explained more fully in Defendants' Motions for Summary Judgment. (Document 7 and 8). However, there are key deficiencies in Plaintiff's claims that are not corrected in his Second Amended Complaint and that cannot be corrected by any amount of revised writing. Plaintiff never identifies a time he attempted to engage the required administrative remedies specified under the TED STEVENS ACT to address his grievances.[1] Plaintiff never identifies a time when Defendant Jamie McGregor ("McGregor") acted outside or beyond the course and scope of his employment to bring claims against him generally.[2] Plaintiff acknowledges that he was never an employee of USA Rugby ("USAR"), only an occasional contractor,[3] even though that is a requirement to sustain his Retaliation claim. Plaintiff never specifies a false statement published against him required to sustain his Defamation claim.[4]

Plaintiff's Second Amended Complaint must be struck because it does not comply with Fed. R. Civ. P. 15(a)(2). The record is clear that Plaintiff filed his second amended complaint without seeking leave of this Court, nor requesting or obtaining the consent of Defendants as required by Fed. R. Civ. P. 15(a)(2). As the Fifth Circuit has ruled, "failing to request leave from the court when leave is required makes a pleading more than technically deficient. The failure to obtain leave results in an amended complaint having no legal effect." *United States ex rel. Matthews v. HealthSouth Corp.*, 332 F.3d 293, 296 (5th Cir. 2003). Plaintiff does not, and cannot, allege facts that allow him to double recover via his Intentional Infliction of Emotional Distress claim under Texas law. *See Hoffman-LaRoche Inc. v. Zeltwanger*, 144 S.W.3d 438, 477 (Tex. 2004). This is just a sampling of the remaining deficiencies in Plaintiff's pleadings. It is clear that

---

[1] *See generally* Doc. 13-1.
[2] *See generally* Doc. 13-1.
[3] *See* Doc. 13-1, ¶ 4, 8-9, 21.
[4] *See* Doc. 13-1, ¶ 37-38.

allowing Plaintiff to file his Second Amended Complaint would serve only to allow him to shuffle deckchairs and not actually repair his claims or otherwise change the outcome of the Motions to Dismiss' outcome.

Allowing such farcical revisions is disfavored by the Fifth Circuit. In a similar case, *Goldstein v. MCI WorldCom*, the Fifth Circuit reviewed a district judge's decision deny leave for Plaintiffs to amend their petition after that case's own defendant filed a motion to dismiss. 340 F.3d 238, 254 (5th Cir. 2003). The Fifth Circuit determined that the judge was correct in denying the plaintiffs leave to amend their complaint, writing at length that

> in addition to being poorly drafted and repetitive, the 110-page complaint is rich in legal deficiencies. […] The plaintiffs were certainly aware of the defendants' objections to their complaint as written (because the objections appeared in the defendants' principal motion [to dismiss]). Despite this awareness, the plaintiffs did not demonstrate to the court how they would replead scienter more specifically if given the opportunity, did not proffer a proposed second amended complaint to the district court, and did not suggest in their responsive pleading any additional facts not initially pled that could, if necessary, cure the pleading defects raised by the defendants. We cannot, in these circumstances, hold that the district court abused its discretion.

*Goldstein*, 340 F.3d at *254-55 (citing McKinney v. Irving Indep. Sch. Dist., 309 F.3d 308, 315 (5th Cir. 2002)).

Just as in Goldstein, Plaintiff has put forward nothing that could actually cure the defects in his pleading or change the final outcome of the pending Motions to Dismiss. As such, granting Plaintiff leave to amend would serve only to impose the undue burden on Defendants to make extensive but ultimately irrelevant revisions to their own pleadings and motions.

## <u>CONCLUSION AND PRAYER</u>

For the foregoing reasons, Defendants Jamie McGregor and USA Rugby request that this Court deny Plaintiff leave to file his Second Amended Complaint, and grant Defendants such other and further relief as to which they might be entitled to at law or equity.

Date: January 9, 2025    Respectfully submitted,

**GORDON REES SCULLY MANSUKHANI, LLP**

By: */s/ Philip Robert Brinson*
      Philip Robert Brinson
      State Bar No. 00787139
      TransWestern Tower
      1900 West Loop South, Suite 1000
      Houston, Texas 77027
      (713) 961-3366
      prbrinson@grsm.com

**GORDON REES SCULLY MANSUKHANI, LLP**

**ATTORNEY FOR DEFENDANTS,**
**JAMIE MCGREGOR, AND USA RUGBY**

## CERTIFICATE OF SERVICE

I certify that on January 9, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and mailed a copy of the foregoing to:

Justin X. Hale
2904 Sprouted Grain
Seguin, TX 78155
(979) 703-0894
justinxhale@gmail.com

             */s/ Philip Robert Brinson*
             Philip Robert Brinson