JUSTIN X. HALE, §
§
§
*Plaintiff,* §
§
§ CASE NO. 1:24-cv-01076-RP
V. §
§
JAMIE MCGREGOR, AND §
USA RUGBY, §
§
*Defendants.* §

**DEFENDANT JAMIE MCGREGOR'S**
**REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION TO JAMIE MCGREGOR**
**MOTION TO DISMISS**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COME NOW, Defendant, JAMIE MCGREGOR ("McGregor"), who files this Reply to

Plaintiff, JUSTIN X. HALE's ("Plaintiff") Response ("Response") [Doc. 15] in Opposition to

Jamie McGregor Motion to Dismiss ("Motion") [Doc. 6]. McGregor's Reply and Motion are

based on Plaintiff's failure to state a claim, upon which relief can be granted, as authorized by

FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6). In support of his Reply and Motion, McGregor

respectfully shows the Court, as follows:

**ARGUMENTS AND AUTHORITIES**

A. **Plaintiff Cannot Raise New Arguments or Introduce Additional Evidence in his Response**

As an initial matter, Plaintiff attempts to introduce new evidence, modify pleadings, and

raise new claims throughout his Response.[1] Plaintiff's efforts to shoehorn these additions into his

---

[1] [*see* Doc. 15 generally].

pleadings before receiving leave of this Court is impermissible, and cannot affect this Court's ruling on McGregor's Motion.[2]

When evaluation a Rule 12(b)(6) motion, and the resulting responses and replies, "a court cannot look beyond the pleadings in deciding a 12(b)(6) motion." *Tipping v. Garland Cadillac*, 2022 WL 660193, at *3 (N.D. Tex. Feb. 9, 2022), report and recommendation adopted, 2022 WL 658766 (N.D. Tex. Mar. 4, 2022) (citing *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999)). In fact, under FED. R. CIV. P. 12(d), "[i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56 [and all] parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."

For this reason, any additional facts or claims raised by Plaintiff in his Response or at any other time in deciding on McGregor's Motion must be disregarded by this Court.

**B.** **Plaintiff Cannot Bring Suit Against McGregor Individually for USAR's Alleged Contract Violation Because McGregor was USAR's Employee**

In his Response, Plaintiff asserts that his entire basis for bringing suit against McGregor individually for his conduct as an employee of USA Rugby ("USAR") is that McGregor's conduct, "lacked any legitimate foundation or adherence to written USA Rugby policies."[3] However, Plaintiff asserts no basis in law for this being sufficient grounds to bring suit against McGregor as a USAR employee in his individual capacity.

Plaintiff appears to allege in his Response that McGregor, individually, breached Plaintiff's "implied contractual agreements" with USAR.[4] The Fifth Circuit has established that '[t]o state a

---

[2] [Doc. 6].
[3] [Doc. 15, pg. 2].
[4] [Doc. 15, pg. 6]

claim for breach of an implied contract, a plaintiff must plead the existence of a valid implied contract, performance or tendered performance by the plaintiff, breach of the implied contract *by the defendant*, and damages resulting from the breach." *Electrostim Med. Servs., Inc. v. Health Care Serv. Corp.*, 614 F. App'x 731, 744 (5th Cir. 2015) (citing *City of the Colony v. N. Tex. Mun. Water Dist.*, 272 S.W.3d 699, 739 (Tex. App. – Fort Worth 2008, pet. dism'd). Plaintiff's First Amended Petition does not plead[5] that McGregor as an individual was a party to any contract with Plaintiff, and "a party cannot be held liable under another party's contract without an express or implied assumption of the contract's obligations." *BigCommerce, Inc. v. S&O Inc.*, 2024 WL 5010733, at *4 (W.D. Tex. Nov. 24, 2024) (citing *Wagner v. Apache Corp.*, 627 S.W.3d 277, 286 (Tex. 2021)). Because of this "[t]he party seeking to hold a non-party liable for breach of contract has the burden to prove that the non-party obligated itself under the contract." *Mayers v. Addison Brown, LLC*, 2020 WL 7646973, at *2 (N.D. Tex. Dec. 22, 2020). Plaintiff does not, and cannot plead, that McGregor ever personally obligated himself to Plaintiff in any way. Therefore, McGregor is not a proper party to this claim.

### C. Plaintiff Cannot Bring Suit Against McGregor Tortious Interference.

Plaintiff's Response attempts to reassert that McGregor tortiously interfered with Plaintiff's alleged implied contract with USAR, but again provides no legal basis for this claim. To plead tortious interference before a district court, a plaintiff must include in their pleading: (1) the existence of a contract subject to interference, (2) willful and intentional interference, (3) that proximately caused damage, and (4) actual damage or loss. *Specialties of Mex. Inc. v. Masterfoods USA*, 2010 WL 2488031, at *9 (S.D. Tex. June 14, 2010) (citing *All Am. Tel., Inc. v. USLD Commc'ns, Inc.*, 291 S.W.3d 518, 531 (Tex. App. – Fort Worth 2009, pet. denied)).

---

[5] *See* Doc. 3, generally.

To satisfy the second element, the plaintiff "must produce some evidence that the defendant knowingly induced one of the contracting parties to breach its obligations under a contract." *All Am. Tel., Inc.*, 291 S.W.3d at 532. Plaintiff will never be able to satisfy this requirement because, by Plaintiff's own admission, at all times McGregor was acting "as a representative of USA Rugby."[6] Therefore it is impossible for McGregor to have induced any other party to an existing contract to breach its obligations, because McGregor was acting in his capacity as an agent for USAR. Therefore, this claim cannot be made against McGregor individually.

## D. **Plaintiff Cannot Bring Suit Against McGregor for Retaliation Under U.S.C. § 1981 Because Plaintiff Never Engaged in a Protected Activity**

Plaintiff attempts to partially rehabilitate his Retaliation claim against McGregor in his Response by claiming for the first time that it is brought under 42 U.S.C. § 1981.[7] However, that does nothing to change the fact that refereeing for different organizations is not an enshrined protected activity. To plead a Section 1981 Retaliation Claim, and Plaintiff must include that: (1) an employee engaged in an activity protect by whichever statute the claim is brought under; (2) that an adverse employment action occurred; and (3) that a causal link existed between the protected activity and the adverse employment action. *See Gorman v. Verizon Wireless Tex., L.L.C.*, 753 F.3d 165, 170 (5th Cir. 2014) (Texas Labor Code and Title VII retaliation); *Davis v. Dallas Area Rapid Transit*, 383 F.3d 309, 319 (5th Cir. 2004) (Section 1981 and Title VII retaliation).

Plaintiff provides no statute or case law designating his choosing to referee other organizations' rugby matches a protected activity under § 1981. This is because no such law exists. In fact, as previously stated, "[t]he protections of the First and Fifth Amendment do not extend to

---

[6] [Doc. 15, pg. 7].
[7] [Doc. 15, pg. 8].

private conduct, only to government action." *Carter v. Transp. Workers Union of Am. Loc. 556*, 353 F. Supp. 3d 556, 574 (N.D. Tex. 2019). It is settled law that no actions by NGBs, such as USAR, are to be construed as anything but private conduct. *San Francisco Arts & Athletics, Inc. v. U.S. Olympic Committee*, 483 U.S. 522, 544-45 (1987) ("Neither the conduct nor the coordination of amateur sports has been a traditional governmental function.") Because Plaintiff, by his own pleadings, was never engaged in a recognized § 1981 protected activity, Plaintiff will never be able to properly plead his Retaliation claim, and it is properly dismissed.

### E. **Alleged "Futility" is Not Grounds to Skip Required Administrative Remedies Procedures.**

Plaintiff acknowledges that he did not exhaust the administrative remedies set by USAR to address the grievances he evidently has with McGregor, however Plaintiff attempts to justify his failing because he at least made "good-faith attempts to resolve these issues internally".[8] Plaintiff non-specifically describes these efforts as complaining to three people and joining one video call, and because he did not get the outcome he wanted he claims that, "it is unreasonable to require further exhaustion of administrative remedies".[9]

Plaintiff does not actually plead that he exhausted ONE administrative remedy, and he cites no law that allows an aggrieved party to skip this process if they so choose. Per 36 U.S.C. § 220505(b)(9) of the TED STEVENS ACT, the ACT under which USAR is organized and under which its employee agents, like McGregor, operates does not grant a private right of action against an amateur national sport organization like USAR. *See e.g. Pliuskaitis v. USA Swimming, Inc.*, 243 F.Supp.3d 1217, 112 (D. Utah 2017) aff'd sub nom. *Pliuskaitis v. USA Swimming*, 720 F.App'x 481 (10th Cir. 2018) ("Plaintiff's claims [regarding an NGB determining he was ineligible to coach

---

[8] [Doc. 15, pg. 15].
[9] *Id*.

for their events] are exactly the type that the Sports Act was designed to address through the rules and regulations set forth by the NGBs of each amateur sport."). Because of this, the ACT requires national amateur sport organizations like USAR to provide robust remedies for disputes like those between its occasional contractors and its employees like McGregor. *See* 36 U.S.C.A. § 220527; *Dolan v. U.S. Equestrian Team, Inc.*, 608 A.2d 434, 437 (App. Div. 1992) ("[t]he comprehensive provisions for arbitration, as well as the legislative history [of the TED STEVENS ACT], clearly demonstrate a congressional determination that disputes shall be resolved by arbitration.")

The TED STEVENS ACT does not provide a mechanism to entirely skip over an amateur sports organization's administrative remedies. Because of this, Plaintiff is barred from bringing a private action, such as those that are the basis for this case, against USAR and its employee McGregor.

## CONCLUSION AND PRAYER

Based on the foregoing, this Court should dismiss Plaintiff's claims against Defendant Jamie McGregor for Plaintiff's failure to state any plausible claims for relief against McGregor for tortious interference, retaliation, defamation, breach of contract, generally claims violation of the TED STEVENS ACT, discriminatory treatment, intentional infliction of emotional distress, and disparate treatment, and grant McGregor such other and further relief as to which he might be entitled to at law or equity.

Date: January 15, 2025                    Respectfully submitted,


                                          **GORDON REES SCULLY MANSUKHANI, LLP**

                                          By: */s/ Philip Robert Brinson*
                                                Philip Robert Brinson
                                                State Bar No. 00787139
                                                TransWestern Tower
                                                1900 West Loop South, Suite 1000
                                                Houston, Texas 77027
                                                (713) 961-3366
                                                prbrinson@grsm.com

                                          **ATTORNEY FOR DEFENDANTS,**
                                          **JAMIE MCGREGOR AND USA RUGBY**


<u>**CERTIFICATE OF SERVICE**</u>

I certify that on January 15, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and mailed a copy of the foregoing to:

Justin X. Hale
2904 Sprouted Grain
Seguin, TX
(979) 703-0894

                                          */s/ Philip Robert Brinson*
                                          Philip Robert Brinson