# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| JUSTIN X. HALE, | § § § | |
| *Plaintiff,* | § § | |
| V. | § § | CASE NO. 1:24-cv-01076-RP |
| JAMIE MCGREGOR, AND USA RUGBY, | § § § § | |
| *Defendants.* | § § | |

## DEFENDANTS JAMIE MCGREGOR'S AND USA RUGBY'S RESPONSE IN OPPOSITION TO PLAINTIFF JUSTIN HALE'S OBJECTIONS TO THE REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COME NOW, Defendants, JAMIE MCGREGOR ("McGregor") and USA RUGBY ("USAR") (collectively the "Defendants"), who files this Response (the "Response") in Opposition to Plaintiff Justin Hale's ("Hale") Objections (the "Objections") to the Report and Recommendation of the Magistrate Judge (the "Report"), and under FED. R. CIV. P. 72(b)(3) would respectfully show unto this Court the following:

## ARGUMENTS AND AUTHORITIES

### A. LEGAL STANDARD

Under 28 U.S.C. § 636(b)(1) a party may contest the proposed findings and conclusions made in a report to the court by a designated magistrate judge by filing written objection within fourteen (14) days of being served with a copy of the report and recommendation. Another party may file a response to an objection to a magistrate judge's report and recommendations. *See, e.g., Grounds v. Prop. Owners Ass'n of Terlingua Ranch, Inc.*, 2019 WL 13254399, at *2 (W.D. Tex.

Dec. 9, 2019). Objections must specifically identify those findings or recommendations to which objections are being made, and courts need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

In addition, Texas Western District Courts have rules that "[a] general objection, **or one that merely restates the arguments previously presented** is not sufficient to alert the court to alleged errors on the part of the magistrate judge. An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Talbert v. Lynch*, 2017 WL 11236935, at *4 (W.D. Tex. Feb. 17, 2017) (emphasis added). Because of this, "[a] general objection to the magistrate's report has the same effects as a failure to object. […] The duplication of time and effort wastes judicial resources rather than saving them, runs contrary to the purposes of the Magistrates Act.'" *Id.* (quoting *Aldrich v. Bock*, 327 F.Supp.2d 743, 747-48 (E.D. Mich. 2004).

The vast majority of the twenty-two pages of Hale's Objections, especially his Objections Five and Six, are not about any actual errors or omissions in analysis by the magistrate judge, or new legal arguments, but are just restatements of Hale's arguments already made in response to Defendants' 12(b)(6) Motions.[1] To the extent that Hale's Objections are just repeated old arguments that were thoroughly briefed to the magistrate judge and this Court already, they are not actual objections to the magistrate judge's findings and are not properly before this Court.

## B. <u>The Report Responded to the Claims Hale Made</u>

In his Objections, Hale falsely claims that the magistrate judge erroneously categorized his claims as eligibility challenges.[2] This is a puzzling and circular claim, as the only time the

---

[1] *See* Doc. 13, 14, 15, 21, 22, 27, 31.
[2] *See* Doc. 35, pg. 3.

magistrate judge's report even uses the word "eligibility" is when referring to Hale's protestations that he was not making eligibility claims and when quoting statutes cited by Hale in his filings.[3]

At no point did the Report misconstrue Hale's case or claims. As the Report says, "[t]he gravamen of Hale's claims is that McGregor and USA Rugby have blocked him from officiating [amateur] rugby matches." This is consistent with Hale's own description of his claims.[4] And as the Report points out, under the TED STEVENS ACT,

> the opportunity of any amateur athlete, coach, trainer, manager, **administrator or official to participate in amateur athletic competition**, upon demand of the corporation or any aggrieved amateur athlete, coach, trainer, manager, administrator or official, which arbitration under this paragraph shall be conducted in accordance with the standard commercial arbitration rules of an established major national provider of arbitration and mediation services based in the United States and designated by the corporation with the concurrence of the Athlete's Advisory Council and the National Governing Bodies' Council

36 U.S.C. 220522(4)(B) (emphasis added). The fact that Hale has made the question of whether Defendants have improperly prevented his participation as a referee in amateur athletic competitions a threshold issue means that it was proper for the Report to consider the applicability of the TED STEVENS ACT's requirements for how such claims are to be resolved. And, as stated in the Report, "[t]he Act requires that any national governing body agree to submit to arbitration a dispute with *any* aggrieved official who disputes their right to participate in an amateur athletic competition."[5]

Despite Hale's best attempts to obfuscate the true nature of his case, the Report correctly identified that the underlying issue of his claim was whether he was improperly prevented from participating as a referee in amateur rugby events. The Report's subsequent determination on this issue, and how it affects Hale's claims, is therefore appropriate.

---

[3] *See* Doc. 32, pg. 6, 7, 8, 17.
[4] *See*, e.g., Doc. 3, ¶ 38.
[5] Doc. 32, pg. 9.

## C. The Report Correctly Identified Hale's Failure to Resolve Disputes Governed by the TED STEVENS ACT

Hale's Objection to the Report claims that it improperly required him to use the dispute resolution process specified under the TED STEVENS ACT.[6] However, Hale fails to raise an objection that the magistrate judge did not already review.

Hale alleges that magistrate judge did not sufficiently consider his attempts to resolve his complaints with USAR directly.[7] However, this is not a relevant consideration. As the Report notes,[8] the Ted Stevens Act requires that if an official disagrees with the participation decision of an National Governing Body ("NGB") like USAR, they are required to submit the complaint to the U.S. Olympic Committee. *See* 36 U.S.C. 220527(a)(1) ("An amateur sports organization or person that belongs to or is eligible to belong to a national governing body may seek to compel the national governing body to comply with sections 220522, 220524, and 220525 of this title by filing a written complaint with the corporation.")

As the Report noted,[9] and as Hale did not dispute in his Objections,[10] Hale never submitted his complaints about USAR's contracting decision to the U.S. Olympic Committee, as he was required to. Hale never appealed any decision through arbitration,[11] as the TSA provides as his option for appeal. *See* 36 U.S.C. 220529(a) ("A party aggrieved by a determination of the [U.S. Olympic Committee] under section 220527 or 220528 of this title may obtain review by the arbitration and mediation provider designated by the [U.S. Olympic Committee] under section 220522(a)(4).") Hale's complaints to other bodies and individuals are not part of any procedure

---

[6] *See* Doc. 35, pg. 6-7.
[7] *Id.*, pg. 8-10.
[8] *See* Doc. 32, pg. 9.
[9] *Id.*
[10] *See* Doc. 35, pg. 8-9.
[11] *Id.*

prescribed under the TSA, and the TSA does not give Hale leeway to make up his own "good enough" dispute system.

    **D.**    <u>**Dismissal of Hale's Alleged "Section 1981" Race Discrimination and Retaliation Claim is Appropriate**</u>

Hale complains that the Report's recommendation to dismiss what he now says to be a claim for race discrimination and retaliation under Section 1981 was improperly recommended for dismissal.[12] Hale ignores the fact that he never stated before under what statute he was making these claims.[13] As the magistrate judge explained, he was under no obligation to do the work of finding a statutory basis for Hale's pleading for him,[14] and a recommendation to dismiss was appropriate.

Regardless of Hale's defects in his actual pleadings, it is surprising that Hale continues to maintain his discrimination claim. Hale claims in his Objections that "[w]hite referees […] officiated the same college and NCR events without any pushback, while I faced exclusion for identical conduct."[15] Hale maintains this claim despite knowing that other white referees, such as Christopher Micheletti, were chosen not to be contracted with for the same policy reason. Hale is, in fact, so aware of Mr. Micheletti experiencing the same policy for non-race-based reasons that not only did Hale earlier ask to combine his case with Mr. Micheletti,[16] he also apparently imitated the structure and several arguments from Mr. Micheletti's own Objections to a magistrate judge's Report. [17] [18]

---

[12] *See* Doc. 32, pg. 13.
[13] *See* Doc. 3, ¶ 41.
[14] *See* Doc. 32, pg. 14.
[15] Doc. 35, pg. 14.
[16] *See* Doc. 31.
[17] *See* Doc. 35, generally.
[18] *See* Ex. A.

**CONCLUSION AND PRAYER**

Based on the foregoing, the Court should deny Justin Hale's Objections to the Report and Recommendation of the Magistrate Judge and dismiss Hale's case with prejudice, and grant Defendants Jamie McGregor and USA Rugby such other and further relief as to which they might be entitled to at law or equity.

Date: July 18, 2025

Respectfully submitted,

**GORDON REES SCULLY MANSUKHANI, LLP**

By: */s/ Philip Robert Brinson*
 Philip Robert Brinson
 State Bar No. 00787139
 TransWestern Tower
 1900 West Loop South, Suite 1000
 Houston, Texas 77027
 (713) 961-3366
 prbrinson@grsm.com

**GORDON REES SCULLY MANSUKHANI, LLP**

**ATTORNEY FOR DEFENDANTS,**
**JAMIE MCGREGOR, AND USA RUGBY**

**CERTIFICATE OF SERVICE**

I certify that on July 21, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and mailed a copy of the foregoing to:

Justin X. Hale
2904 Sprouted Grain
Seguin, TX
(979) 703-0894

*/s/ Philip Robert Brinson*
Philip Robert Brinson