IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JUSTIN X. HALE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 1:24-CV-1076-RP |
| | § | |
| JAMIE MCGREGOR and | § | |
| USA RUGBY CORPORATION, | § | |
| | § | |
| Defendants. | § | |

**ORDER**

Before the Court is the report and recommendation of United States Magistrate Judge Mark Lane concerning Defendants' motions to dismiss, (Dkts. 6, 7). (R. & R., Dkt. 32). Plaintiff timely filed objections, (Objs., Dkt. 35), and Defendants filed a response, (Dkt. 37). Having reviewed the report and recommendation, the parties' briefs, the record, and the relevant law, the Court issues the following order.

Plaintiff Justin X. Hale ("Plaintiff"), proceeding *pro se*, brings this case against Defendants USA Rugby Corporation ("USA Rugby") and Jamie McGregor ("McGregor"), the Director of Training and Education at USA Rugby (collectively, "Defendants"). (R. & R., Dkt. 31, at 1). Hale is a rugby referee who works as an independent contractor for various rugby organizations, including National Collegiate Rugby ("NCR"), which organizes the Collegiate Rugby Championships ("CRCs"). Hale alleges that after he officiated matches at the CRCs, Defendants excluded him from officiating for the Collegiate Rugby Association of America and for the Major League Rugby, organizations recognized by USA Rugby. (*Id.* at 1–2). In his Amended Complaint, Plaintiff asserts a variety of claims including tortious interference, retaliation, defamation, breach of contract, intentional infliction of emotional distress, retaliation, discrimination, disparate treatment based on race, and violation of the Ted Stevens Act, 36 U.S.C. § 220501, *et seq.* (*Id.* at 2).

1

McGregor and USA Rugby separately moved to dismiss Plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6). (Dkts. 6, 7). Plaintiff responded to the motions, (Dkts. 14, 15), and Defendants separately replied, (Dkts. 19, 20). During briefing on the motions to dismiss, Plaintiff also moved for leave to file a second amended complaint. (Dkt. 13). By text order, the Court referred the motions to dismiss and the motion for leave to file a second amended complaint to United States Magistrate Judge Mark Lane.

In his report and recommendation, the magistrate judge recommends that this Court grant Defendants' motions. (R. & R., Dkt. 32, at 18). The magistrate judge found that Plaintiff's Ted Stevens Act claims should be dismissed because there is no private right of action under the Act. (*Id.* at 7–8). In addition, the magistrate judge found that the Ted Stevens Act "not only preempts eligibility challenges brought directly under the Act, but other state law causes of action that essentially sought relief for issues governed by the Act." (*Id.* at 8–9). As such, the magistrate judge found that the Act preempts Plaintiff's state-law claims for tortious interference, breach of contract, defamation, and intentional infliction of emotional distress. (*Id.* at 9–12). In the alternative, the magistrate judge recommends that the Court dismiss Plaintiff's breach of contract, defamation, and intentional infliction of emotional distress claims as inadequately pleaded, if the Court does not find these claims preempted. (*Id.* at 11–14). Last, the magistrate judge found that although the Ted Stevens Act preempts Plaintiff's state-law claims, it does not preempt federal claims. (*Id.* at 9). As such, the magistrate judge found that Plaintiff's disparate treatment claim is not preempted, and Defendants have not shown that it should be dismissed. (*Id.* at 14–15). As for Plaintiffs' retaliation and "association-discrimination" claims, the magistrate judge found that these should be repleaded because Plaintiff did not plead the legal basis for either claim. (*Id.* at 14). In conclusion, the magistrate judge recommends that the Court dismiss Plaintiff's state-law claims with prejudice and his federal claims without prejudice. (*Id.* at 18).

The magistrate judge then analyzed Plaintiff's motion for leave to file a second amended complaint. The magistrate judge found that amendment for Plaintiff's state law claims and the Ted Stevens Act claims would be futile for the reasons stated above. (*Id.* at 16–17). However, the magistrate judge granted Plaintiff leave to file a second amended complaint to assert federal claims for association discrimination, race discrimination, and retaliation because these claims would not be preempted by the Ted Stevens Act. (*Id.* at 17). Accordingly, the magistrate judge granted Plaintiff's motion for leave to amend in part. (*Id.* at 18).

A party may serve and file specific, written objections to a magistrate judge's findings and recommendations within fourteen days after being served with a copy of the report and recommendation and, in doing so, secure *de novo* review by the district court. 28 U.S.C. § 636(b)(1)(C). Because Plaintiff timely objected to the report and recommendation, the Court reviews the report and recommendation *de novo*.

The Court agrees with the magistrate judge that the Ted Stevens Act claim should be dismissed because there is no private right of action under the Act. The Court also agrees that the Act preempts Plaintiff's state-law claims and that those claims should be dismissed.[1] Last, the Court agrees that Plaintiff's retaliation and association discrimination claims should be dismissed as inadequately pleaded and that all Plaintiff's federal claims—except for the Ted Stevens Act claim—should be repleaded in an amended complaint. Accordingly, for the reasons given in the report and recommendation, the Court overrules Plaintiff's objections and grants Defendants' motion to dismiss Plaintiff's amended complaint.

However, as indicated by the magistrate judge's analysis of Plaintiff's motion for leave to amend, Plaintiff's federal claims may proceed because they are not preempted by the Ted Stevens

---

[1] Because the Court agrees with the magistrate judge's preemption recommendation, the Court does not reach the issue of whether the state-law claims should be dismissed as inadequately pleaded.

3

Act. In the report and recommendation, the magistrate judge ordered Plaintiff to file a second amended complaint within fourteen days, "asserting any federal claims as described in this Report and Recommendation." (R. & R., Dkt. 32, at 18). Since the report and recommendation issued, Plaintiff has only partially complied with the magistrate judge's order. Plaintiff timely filed his second amended complaint, but the second amended complaint contains a recitation of all his claims: state and federal. (Dkt. 36).

The magistrate judge has already determined that amendment of Plaintiff's Ted Stevens Act claims and his state law claims would be futile. (R. & R., Dkt. 32, at 16–17). Because Plaintiff did not comply with the magistrate judge's instruction to file an amended complaint containing only his federal claims, the Court will strike Plaintiff's second amended complaint and give Plaintiff one more opportunity to file an amended complaint for only his retaliation, association discrimination, and race discrimination claims. The Court cautions Plaintiff that failure to file his amended complaint according to the Court's instructions may result in the Court dismissing this case. *See* Fed. R. Civ. P. 41(b) (action may be dismissed for failure to comply with court order); *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998) (district court has authority to dismiss case for failure to comply with court order).

Accordingly, the Court **ORDERS** that the report and recommendation of United States Magistrate Judge Mark Lane, (Dkt. 32), is **ADOPTED** in accordance with this order.

**IT IS FURTHER ORDERED** that Defendants' motions to dismiss, (Dkts. 6, 7), are **GRANTED**. Plaintiff's state-law claims are **DISMISSED WITH PREJUDICE** and Plaintiff's federal claims are **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiff's Second Amended Complaint, (Dkt. 36), is **STRUCK** from the docket.

**IT IS FINALLY ORDERED** that, on or before **August 18, 2025**, Plaintiff shall file a Third Amended Complaint only asserting the federal claims (other than the Ted Stevens Act claims) he wishes to pursue in this case, such as the association discrimination, race discrimination, and retaliation claims.

**SIGNED** on August 4, 2025.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE