| | | |
|---|---|---|
| JUSTIN X. HALE, | § § § | |
| *Plaintiff,* | § § | |
| V. | § § | CASE NO. 1:24-cv-01076-RP |
| JAMIE MCGREGOR, AND USA RUGBY, | § § § § | |
| *Defendants.* | § § | |

### DEFENDANTS JAMIE MCGREGOR AND USA RUGBY'S SECOND MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW, Defendants, JAMIE MCGREGOR ("McGregor"), and USA RUGBY ("USAR") (collectively the "Defendants"), who files this, their Second Motion to Dismiss ("Motion"), pursuant to FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6), Plaintiff, JUSTIN X. HALE's ("Plaintiff") Third Amended Complaint, based on repeated and ongoing deficiencies in Plaintiff's live pleading.

### INTRODUCTION

Plaintiff's Third Amended Complaint does not comply with the pleading requirements of FEDERAL RULE OF CIVIL PROCEDURE 8(a). Plaintiff's multiple causes of action that are essentially variations of claiming racial discrimination against Defendants continue to lack the minimum critical factual claims needed to meet the minimum pleading standards. As such, Plaintiff's baseless allegations must be dismissed as below the minimum required pleading standard.

## ARGUMENTS AND AUTHORITIES

**A.** **Dismissal of Plaintiff's Claims Against Defendants is Appropriate under FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

As previously briefed, to survive a motion to dismiss under FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6), a complaint must contain sufficient factual statements that, if taken to be true, "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To meet this standard under FEDERAL RULE OF CIVIL PROCEDURE 8(a), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The United States Supreme Court determined that this "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation" and that a "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. 544, 555 (2007)). Despite getting a year and multiple do-overs to rehabilitate his deficient claims, Plaintiff's rote recitation of claim elements or vague conclusory statements against Defendants meets this exact standard for dismissal.

**A.** **Plaintiff's Improperly Plead Discrimination**

Plaintiff alleges that Defendants committed acts constituting discriminatory treatment against him under 42 U.S.C. § 1981 in his Third Amended Complaint,[1] but substantiates his claim with nothing more than a threadbare recitation of allegations devoid of the minimum substance needed to bring such a claim.

To plead discrimination under Section 1981, Plaintiff was required to show that "(1) he is a member of a racial minority; (2) the defendant had an intent to discriminate on the basis of race; and (3) the discrimination concerned one or more of the activities enumerated in the statute,

---

[1] *See* Doc. 40, pg. 19.

such as the making and enforcing of a contract." *Bellows v. Amoco Oil Co.*, 118 F.3d 268, 274 (5th Cir. 1997).

Plaintiff fails to sufficiently plead discriminatory intent. The Fifth Circuit has adopted the rule that "'naked allegation[s]' of discriminatory intent are too conclusory to survive a motion to dismiss". *Body by Cook, Inc. v. State Farm Mut. Auto. Ins.*, 869 F.3d 381, 386 (5th Cir. 2017) (quoting *Albert v. Carovano*, 851 F.2d 561, 572 (2d Cir. 1988) (en banc)). The Fifth Circuit further ruled that "generalized allegations regarding Defendants'' alleged disparate treatment […] are not specific enough to plead discriminatory intent [when] [t]hey fail to identify […] specific instances when [Plaintiff] was refused a contract but a similarly situated non-minority […] was given a contract. *Id*. at 387 (citing *Hall v. Cont'l Airlines, Inc.*, 252 Fed.Appx. 650, 653-54 (5th Cir. 2007)(unpublished)); *see also Garibay v. G.T. Sirizzotti, Ltd.*, 2024 WL 4965637, at *2 (W.D. Tex. 2024) (*quoting Chhim v. Univ. of Texas at Austin*, 836 F.3d 467, 470 (5th Cir. 2016) ("even though Plaintiff does 'not have to submit evidence to establish a prima facie case of discrimination at this stage, he [must] plead sufficient facts on all of the ultimate elements of a disparate treatment claim to make his case plausible.'"

As an initial matter, Plaintiff acknowledges in his own pleadings that he does not actually know Plaintiff alleges that a list of "similarly situated" white employees received or retained "USA Rugby contracts" but explains nothing that would raise this statement beyond an impermissible generalized allegation. Plaintiff states nothing about the qualifications or experience of the other listed contractors that would specify what makes them "similarly situated." In addition, Plaintiff does not state what contracts with USA Rugby any of these individuals received or kept, or what makes them comparable to Plaintiff's alleged refereeing contract.

3

The Northern District Court of Texas recently dismissed a similarly deficient discrimination claim in the case *Sanders v. Federal Express*. 2025 WL 898070 (N.D. Tex. 2025). In that case, Magistrate Judge Hal R. Ray, Jr. noted that the plaintiff claimed in her complaint that she was qualified for a promotion and did not receive it, but that a similarly situated white employee did receive a promotion from defendant FedEx. *Id.* at *8. ("She concludes that 'she was equally qualified' with her white coworker, and faced 'nearly identical circumstances,' yet he was favored over her.") However, that court found that such bare allegations were insufficient, writing that "these allegations are not enough to show disparate treatment […] Simply stating in conclusory fashion that she 'was facing racial discrimination and retaliation' without pleading any supporting facts does not establish Fed Ex's discriminatory intent." *Id.* That plaintiff's discrimination claim was subsequently dismissed as not satisfying the Rule 12(b)(6) pleading standing because "Sander's assertions that FedEx constructively terminated her and did not promote her because of her race [were] conclusory, speculative, and lack[ed] enough factual allegations 'to raise a right to relief above the speculative level." *Id.* (quoting *Twombly*, 550 U.S. at 555.)

Like in *Sanders*, Plaintiff does nothing but vaguely allege that other white contractors of some unknown, but yet assuredly, "similar" qualifications were given different contracts than those denied Plaintiff, with no actual facts to support his allegation of disparate treatment. Plaintiff's Third Amended Complaint does nothing more than vaguely allege that a list of people were somehow treated better than him. It is devoid of the bare minimum facts that the Fifth Circuit requires a plaintiff to plead to raise a discrimination claim. Therefore, Plaintiff's discrimination claim must be dismissed.

**B.** **Plaintiff Improperly Pled Retaliation**

Plaintiff asserts a claim for retaliation against Defendants under 42 U.S.C. § 1981 for allegedly engaging in a protected activity.[2] The Fifth Circuit has ruled that a plaintiff bringing a retaliation claim has the initial burden to set forth a prima facie case of retaliation, and that "[a] 'prima facie case of retaliation under either Title VII or § 1981' requires that a plaintiff show that: (1) he engaged in an activity protected by Title VII; (2) he was subjected to an adverse employment action; and (3) that a causal link exists between the protected activity and the adverse employment action.'" *Johnson v. PRIDE Indus., Inc.*, 7 F.4th 392, 407-08 (5th Cir. 2021) (quoting *Davis v. Dallas Area Rapid Transit*, 383 F.3d 309, 319 (5th Cir. 2004)). "To state a claim under section 1981, Plaintiff must show intentional discrimination on account of race." *Mosley v. Houston Community College Sys.*, 951 F.Supp. 1279, 1288 (S.D. Tex. 1996). More specifically, the Supreme Court has stated that to prevail on a claim for racial discrimination under § 1981, "a plaintiff must initially plead and ultimately prove that, but for [his] race, [he] would not have suffered the loss of legally protected right." *Comcast Corp. v. Nat'l Ass'n of Afr. Am.-Owned Media*, 589 U.S. 327, 340 (2020).

General claims that a defendant discriminated against the plaintiff because of his race are not sufficient to raise an inference of racial discrimination. *See Pena v. Dallas Police Ass'n*, 2023 WL 2144296, at *7 (N.D. Tex. Jan. 17, 2023), report and recommendation adopted, 2023 WL 2142973 (N.D. Tex. Feb. 21, 2023); *see also Body by Cook, Inc. v. State Farm Mut. Auto. Ins.*, 869 F.3d 381, 386 (5th Cir. 2017) ("naked allegation[s] of discriminatory intent are too conclusory to survive a motion to dismiss."); *Spann v. JPMorgan Chase Bank, N.A.*, 2022 WL 2177438, at *7 (E.D. La. June 16, 2022) (ruling that plaintiff's "subjective belief of

---

[2] *See* Doc. 40, pg. 22.

5

discriminatory intent, lacking any non-conclusory factual allegations to support it, is insufficient to state a section 1981 claim.")

Plaintiff claims he satisfied the protected activity requirement for his pleading because he "opposed race based exclusion from assignments and asserted his right to equal contracting" during calls that happened on May 1, 2023, and March 25, 2024.[3] However, by Plaintiff's own timeline,[4] these calls occurred *after* USAR decided to stop contracting with Plaintiff because of his work with NCR. Plaintiff cannot claim he was retaliated against for conduct that had not yet occurred.

In addition, Plaintiff made no claims during those calls that his exclusion was race-based, and in fact admits in his own pleadings that it was clear at all times that USAR's decision to no longer contract with him was because of Plaintiff's relationship with NCR.[5] Therefore, there were never even naked, baseless allegations of racism from Plaintiff for USAR to retaliate against.

Plaintiff's attempt to weld racism allegations to contract discussion from years prior contradict Plaintiff's own pleadings, and are entirely insufficient to meet the minimum pleading requirements for a retaliation claim. Therefore, Plaintiff has no standing to bring any kind of retaliation claim against USAR.

C.    **Plaintiff's Improperly Plead Association Discrimination**

Plaintiff attempts to plead association discrimination based on race against Defendants,[6] but does not allege the proper factual basis to bring such a claim.

---

[3] Doc. 40, pg. 22-23.
[4] *See* Doc. 40 ¶ 25.
[5] *See* Doc. 40, pg. 22-23.
[6] Doc. 40, pg. 24.

There are only very narrow, specific circumstances under which a plaintiff can plead associational race discrimination under Section 1981. As explained by previous Texas district courts, "[t]he Fifth Circuit has [] recognized associational race discrimination claims under Title VII and Section 1981. Associational race discrimination claims are predicated on an employer's racial animus towards an employee **because of her association with persons of a certain rac**e." *Evans v. East Texas Family Medicine, PA*, 2023 WL 3442241, at *3 (E.D. Tex. 2023) (*quoting Floyd v. Amite Cnty. Sch. Dist.*, 581 F.3d 244, 249 (5th Cir. 2009) (emphasis added).

Plaintiff is clear in his Third Amended Complaint that he alleges that he was discriminated against because of his association with NCR.[7] It should go without saying, but NCR is not a person and has no race. NCR is not a race-focused advocacy group, and race is not a factor for working with NCR any more than it is for any other sporting organization. Plaintiff does not, and cannot, plead that race was at any time a relevant factor in his relationship with NCR. Therefore, Plaintiff has no basis to bring an association discrimination claim against USAR, and it must be dismissed.

## CONCLUSION AND PRAYER

Based on the foregoing, the Court should dismiss Plaintiff' claims against Defendants Jamie McGregor and USAR for Plaintiff's claims as to discrimination, retaliation, and association discrimination, and grant Defendants such other and further relief as to which they might be entitled to at law or equity.

Date: September 8, 2025

---

[7] Doc. 40, pg. 24. ("Plaintiff alleges that Defendants used his association with National Collegiate Rugby as a pretext to impair his own contracting opportunities".)

Respectfully submitted,

**GORDON REES SCULLY MANSUKHANI, LLP**

By: */s/ Philip Robert Brinson*
  Philip Robert Brinson
  State Bar No. 00787139
  TransWestern Tower
  1900 West Loop South, Suite 1000
  Houston, Texas 77027
  (713) 961-3366
  prbrinson@grsm.com

**GORDON REES SCULLY MANSUKHANI, LLP**

**ATTORNEY FOR DEFENDANTS,**
**JAMIE MCGREGOR, AND USA RUGBY**

## <u>CERTIFICATE OF SERVICE</u>

I certify that on September 8, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and mailed a copy of the foregoing to:

Justin X. Hale
2904 Sprouted Grain
Seguin, TX 78155
(979) 703-0894
justinxhale@gmail.com

*/s/ Philip Robert Brinson*
Philip Robert Brinson