| | § | |
|---|---|---|
| JUSTIN X. HALE, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | CASE NO. 1:24-cv-01076-RP |
| V. | § | |
| | § | |
| JAMIE MCGREGOR, AND | § | |
| USA RUGBY, | § | |
| | § | |
| *Defendants.* | § | |

**DEFENDANTS JAMIE MCGREGOR AND USA RUGBY'S
REPLY TO PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE AND
OPPOSITION TO DEFENDANTS' SECOND MOTION TO DISMISS
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW, Defendants, JAMIE MCGREGOR ("McGregor"), and USA RUGBY

("USAR") (collectively the "Defendants"), who files this, their Reply to Plaintiff, JUSTIN X.

HALE's ("Plaintiff") Response (the "Response") [Doc. 46] to Order to Show Cause and

Opposition to Defendants' Second Motion to Dismiss ("Motion") [Doc. 41], pursuant to FEDERAL

RULE OF CIVIL PROCEDURE 12(b)(6). In support thereof, Defendants would respectfully show unto

the Court as follows:

## ARGUMENTS AND AUTHORITIES

### A. Plaintiff's Improperly Plead Discrimination

Despite his protestations to the contrary,[1] Plaintiff's claim that Defendants committed acts

constituting discriminatory treatment against him under 42 U.S.C. § 1981 in his Third Amended

---

[1] *See* Doc. 46, pg. 3.

Complaint[2] fails to genuinely identity similarly situated peers treated differently due to race sufficient to allow Plaintiff's claim to progress.

As previously briefed, to plead discrimination under Section 1981, Plaintiff was required to show that "(1) he is a member of a racial minority; (2) the defendant had an intent to discriminate on the basis of race; and (3) the discrimination concerned one or more of the activities enumerated in the statute, such as the making and enforcing of a contract." *Bellows v. Amoco Oil Co.*, 118 F.3d 268, 274 (5th Cir. 1997). Naked allegations of discriminatory intent, such as those made by Plaintiff, cannot survive a motion to dismiss. *See Body by Cook, Inc. v. State Farm Mut. Auto. Ins.*, 869 F.3d 381, 386 (5th Cir. 2017); *Hall v. Cont'l Airlines, Inc.*, 252 Fed.Appx. 650, 653-54 (5th Cir. 2007) (unpublished)); *Chhim v. Univ. of Texas at Austin*, 836 F.3d 467, 470 (5th Cir. 2016).

The pleading burden under Section 1981 is higher than under Title VII, and "have a strict but-for causation requirement." *Reyna v. Epiroc Drilling Sols., LLC*, 2025 WL 317568, at *3 n.18 (N.D. Tex. Jan. 28, 2025) To meet the burden to plead a prima facie case of discrimination, Plaintiff is permitted to plead "circumstantial evidence […] for allegations of racial motivation or animus." *Garibay v. G.T. Sirizzotti, Ltd.*, 2024 WL 4965637, at *4 (W.D. Tex. Dec. 2, 2024). Plaintiff claims he meets this burden by referencing six other referees who participated in National Collegiate Rugby ("NCR") events that he alleges did not have contracts cancelled. *See Body by Cook*, 869 F.3d at 386. ("An allegation that similarly situated non-minorities received better treatment could create the necessary inference and set the predicate for establishing the section 1981 claim.")

Notably, at no point does Plaintiff plead that Defendants were ***aware*** that the six named referees ever participated in NCR events, as he claims Defendants were aware that Plaintiff had.[3]

---

[2] *See* Doc. 40, pg. 19.
[3] *See* Doc. ¶ 49-52.

Therefore, Plaintiff does not plead any circumstantial evidence of genuinely similar individuals treated better because of their race. *See Metwalli v. Senneca Holding*, 2025 WL 3506796, at *2 (N.D. Tex., Oct. 31, 2025) ("Metwalli fails to offer such allegations in the proposed amended complaint where, other than conclusory assertions that some races were treated more favorably than others, all he alleges is that someone (and at least one someone of another race) did something to him but then fails to offer factual content that could raise a reasonable inference that that something was because of race – or, more appropriately, that, but for his race, that something would not have happened."); see also Sanders v. *Federal Express*, 2025WL 898070, at *8 (N.D. Tex., 2025) ("Sanders does not plead any facts to show that FedEx constructively discharged her or promoted a non-African American woman **<u>under nearly identical circumstances</u>**. Instead, she merely concludes without any factual description that FedEx constructively terminated her and did not promote her because of her race. Simply stating in conclusory fashion that she "was facing racial discrimination and retaliation" without pleading any supporting facts does not establish FedEx's discriminatory intent.") (emphasis added).

In fact, the only person under genuinely near-identical circumstances Plaintiff identifies in any of his pleadings is Christopher Chopra Micheletti ("Micheletti").[4] Plaintiff recognizes that Micheletti, a white independent contractor rugby referee, was also denied refereeing contracts by Defendants **<u>after</u>** Defendants allegedly learned that Micheletti had previously contracted with NCR.[5]

Because the only white contractor Plaintiff identifies with genuinely near identical alleged circumstances was treated exactly the same way Plaintiff was, Plaintiff fails to meet his burden of

---

[4] *See* Doc. 31.
[5] *Id*., pg. 2.

pleading a prima facie claim of racial discrimination, and his § 1981 discrimination claim is properly dismissed.

**A.**     <u>**Plaintiff Improperly Pled Retaliation**</u>

Plaintiff's 42 U.S.C. § 1981 retaliation claim is similarly deficient.[6] Again, to plead the mandatory prima facie case for a § 1981 retaliation claim, Plaintiff was required to state that: (1) <u>**he engaged in an activity protected by § 1981**</u>; (2) an adverse employment action <u>**followed**</u>; and (3) a causal connection exists between the protected activity and the adverse action. *See White Glove Staffing, Inc. v. Methodist Hosps. Of Dall.*, 947 F.3d 301, 308 (5th Cir. 2020) (emphasis added). Plaintiff's claim that he pleads his engagement in a protected activity is at best wishful thinking, and his claim that this is a disagreement over timelines[7] is disingenuous at best. "'Protected activity is defined as opposition to any practice rendered unlawful by Title VII, including making a charge, testifying, assisting, or participating in in any investigation, proceeding, or hearing under Title VII.'" *Ackel v. Nat'l Communications, Inc.*, 339 F.3d 376, 385 (5th Cir. 2003) (quoting *Gren vs. Administrators of the Tulane Educational Fund*, 284 F.3d 642, 657 (5th Cir. 2002)). "[T]o establish the causation prong of a retaliation claim, <u>**the employee should demonstrate that the employer knew about the employee's protected activity**</u>." *Manning v. Chevron Chem. Co., LLC*, 332 F.3d 874, 883 (5th Cir. 2003) (emphasis added).

Plaintiff claims he satisfied the protected activity requirement for his pleading because he "opposed race based exclusion from assignments and asserted his right to equal contracting" during calls that happened on May 1, 2023, and March 25, 2024.[8] However, in what Plaintiff calls a "transcript" of the May 1, 2023, call included as Exhibit B to his Third Amended Complaint, the

---

[6] *See* Doc. 40, pg. 22.
[7] *See* Doc. 46, pg. 4-5.
[8] Doc. 40, pg. 22-23.

issue of race is not mentioned once, and the only time another referee is mentioned it to confirm that they had also allegedly been disqualified for the same reason; their participation with NCR.[9]

There is no statement in Plaintiff's Third Amended Complaint, or its exhibits, as to what "opposition to race based exclusion" he alleges he made during the March 2024 call, which occurred nearly a year *after* USAR decided to stop contracting with Plaintiff, allegedly because of his work with NCR. Plaintiff cannot claim he was retaliated against for conduct that had not yet occurred.

Plaintiff substantiates his retaliation claim with only his self-disproven lie that he "opposed race based exclusion" in a May 2023 call, and with the impermissible threadbare recital of the element that he "opposed race based exclusion" in March 2024, long after any event he had been considered to referee was over. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Brown v. Valvoline, LLC*, 2024 WL 990056, at *2 (S.D. Tex. 2024) ("The Court is not bound to accept factual assumption or legal conclusions as true, and only a complaint that states a plausible claim for relief survives a motion to dismiss.") (citing *Iqbal*, 556 U.S. at 678-79.)

Because Plaintiff cannot plead with any specificity that he ever engaged in a protected activity at any time related to when USAR was deciding to contract with him, Plaintiff's retaliation claim is irreparably deficient and must be dismissed.

## C.     <u>Plaintiff's Improperly Plead Association Discrimination</u>

Plaintiff attempts to plead association discrimination based on race against Defendants,[10] but does not allege the proper factual basis to bring such a claim. Plaintiff's Response attempts to

---

[9] *See* Doc. 40, Ex. B.
[10] Doc. 40, pg. 24.

rehabilitate this claim by making the nonsensical argument that "Defendants used his association with the NCR as a pretext for race discrimination."[11]

Putting aside the fact that Plaintiff cannot plead a valid race discrimination claim, see *supra.*, Plaintiff's above theory of liability is wholly deficient to bring an association discrimination claim. There are only very narrow, specific circumstances under which a plaintiff can plead associational race discrimination under Section 1981. As explained by previous Texas district courts, "[t]he Fifth Circuit has [] recognized associational race discrimination claims under Title VII and Section 1981. Associational race discrimination claims are predicated on an employer's racial animus towards an employee **because of her association with persons of a certain rac**e." *Evans v. East Texas Family Medicine, PA*, 2023 WL 3442241, at \*3 (E.D. Tex. 2023) (emphasis added) *see also Floyd v. Amite Cnty. Sch. Dist.*, 581 F.3d 244, 249 (5th Cir. 2009) ("§ 1981 and Title VII prohibit discrimination against an employee on the basis of a personal relationship between the employee **and a person of a different race**.") (emphasis added).

Plaintiff is clear in his Third Amended Complaint that he alleges that he was discriminated against because of his association with NCR.[12] Plaintiff admits in his Response that "Plaintiff does not allege that the NCR has a race".[13] Plaintiff does not, and cannot, plead that race was at any time a relevant factor in his relationship with NCR, and Plaintiff's Response makes clear that this is really just his impermissible attempt to plead personal discrimination a second time. Therefore, Plaintiff has no basis to bring an association discrimination claim against Defendants, and it must be dismissed.

---

[11] Doc. 46, pg. 7
[12] *See* Doc. 40, pg. 27.
[13] Doc. 46, pg. 7.

**D.** **Plaintiff's Improperly Plead Conspiracy to Interfere with Civil Rights**

Plaintiff attempts to plead conspiracy to interfere with civil rights under 42 U.S.C. § 1985(3) against Defendants,[14] but does not allege the proper factual basis to bring such a claim.

To bring such a claim, a plaintiff must plead: (1) a conspiracy involving two or more persons; (2) for the purpose of depriving, directly or indirectly, a person or class of equal protection of the laws; and (3) an act in furtherance of the conspiracy; (4) which causes injury to a person or property, or a deprivation of any right or privilege of a citizen of the United States; and (5) a racially based discriminatory animus. *See Chaney v. Races & Aces*, 590 F.App'x 327, 330 (5th Cir. 2014). In the Fifth Circuit, "the only conspiracies actionable under section 1985(3) are those motivated by racial animus." *Cantu v. Moody*, 933 F.3d 414, 419 (5th Cir. 2019).

Plaintiff identifies two persons that Defendants allegedly conspired with, but admits that one of them, Nick Ricono ("Ricono"), was "USA Rugby's High Performance Sevens manager",[15] i.e. another USAR employee. Under the Fifth Circuit "a corporation cannot conspire with itself anymore than a private individual can, and it is the general rule that the actions of the agent are acts of the corporation." *Hillard v. Ferguson*, 30 F.3d 649, 653 (5th Cir.1994). Therefore, Plaintiff may not bring any conspiracy claim arising from interactions with Ricono.

To the extent that Plaintiff alleges Defendants conspired with another person, David Wilkinson ("Wilkinson") with Major League Rugby ("MLR"),[16] Plaintiff does not plead any facts indicating a racially motivated outcome. Plaintiff reiterates his false claim that Defendants treated white referees that contracted with NCR differently,[17] see *supra*., however, he does not, and cannot plead that Wilkinson or MLR treated any otherwise similarly situated referees differently based

---

[14] Doc. 40, pg. 24.
[15] Doc. 40, pg. 27.
[16] *Id.*
[17] *See* Doc. 40, pg. 28.

on race, or that Defendants and MLR and/or Wilkinson ever coordinated to that end. *See Bright v. City of Killeen, Texas*, 532 F.Supp.3d 389,401 (W.D. Tex. 2021) ("Plaintiff's allegations fail to show underlying facts that suggest Custance and the other Defendants conspired to violate Reed's right based on Reed's membership in a protected class of persons.") Because Plaintiff's conspiracy claim against MLR is plead as nothing more than a restatement of his deficient discrimination claim against Defendants, it too must be dismissed.

## CONCLUSION AND PRAYER

Based on the foregoing, the Court should dismiss Plaintiff' claims against Defendants Jamie McGregor and USAR for Plaintiff's claims as to discrimination, retaliation, association discrimination, and conspiracy, and grant Defendants such other and further relief as to which they might be entitled to at law or equity.

Date: February 20, 2026

Respectfully submitted,

**GORDON REES SCULLY MANSUKHANI, LLP**

By: */s/ Philip Robert Brinson*
       Philip Robert Brinson
       State Bar No. 00787139
       TransWestern Tower
       1900 West Loop South, Suite 1000
       Houston, Texas 77027
       (713) 961-3366
       prbrinson@grsm.com

**GORDON REES SCULLY MANSUKHANI, LLP**

**ATTORNEY FOR DEFENDANTS,
JAMIE MCGREGOR, AND USA RUGBY**

## CERTIFICATE OF SERVICE

I certify that on February 20, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and mailed a copy of the foregoing to:

Justin X. Hale
2904 Sprouted Grain
Seguin, TX 78155
(979) 703-0894
justinxhale@gmail.com

*/s/ Philip Robert Brinson*
Philip Robert Brinson