| | | |
|---|---|---|
| JUSTIN X. HALE, | § § § | |
| *Plaintiff,* | § § § | |
| V. | § § | CASE NO. 1:24-cv-01076-RP |
| JAMIE MCGREGOR, AND USA RUGBY, | § § § § | |
| *Defendants.* | § § | |

**DEFENDANTS JAMIE MCGREGOR'S AND USA RUGBY'S OBJECTIONS TO THE
REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COME NOW, Defendants, JAMIE MCGREGOR ("McGregor") and USA RUGBY

("USAR") (collectively the "Defendants"), who files this their Objections (the "Objections") to

the Report and Recommendation of the Magistrate Judge (the "Report"), and under FED. R. CIV.

P. 72(b)(3), and per the instructions of the Report, would respectfully show unto this Court the

following:

**ARGUMENTS AND AUTHORITIES**

**A.      Legal Standard.**

Under 28 U.S.C. § 636(b)(1), a party may contest the proposed findings and conclusions

made in a report to the court by a designated magistrate judge by filing written objection within

fourteen (14) days of being served with a copy of the report and recommendation. The Report

repeated these instructions at its conclusion.[1]

---

[1] *See* Doc. 50, pg. 14.

**B. <u>The Report Failed to Adequately Review Hale's Discrimination Claim</u>**

In the Report, Defendants submit that the Magistrate Judge failed to adequately analyze Hale's racial discrimination claim. Specifically, the report was devoid of any reference or confirmation that Hale identified similarly situated contractors, or a statutorily protected activity involved, which he was required to do.

As previously briefed, to plead a Section 1981 race discrimination claim, Hale was *required* to plead that: "(1) the plaintiff is a member of a racial minority; (2) an intent to discriminate on the basis of race by the defendant; and (3) the discrimination concerns one or more of the activities enumerated in the statute." *Green v. State Bar of Tex.*, 27 F.3d 1083, 1086 (5th Cir. 1994). To satisfy the second element, "the plaintiff may establish a prima facie case by directed evidence or, more commonly, by circumstantial evidence of discriminatory motive." *Bellows v. Amoco Oil Co.*, 118 F.3d 268, 274 (5th Cir. 1997) (citation modified). To satisfy the circumstantial evidence requirement, Hale was *required* to make, "**an allegation** that similarly situated non-minorities received better treatment could create the necessary inference and set the predicate for establishing the section 1981 claim." *Body by Cook, Inc. v. State Farm Mut. Auto. Ins.*, 869 F.3d 381, 386 (5th Cir. 2017) (citation modified) (emphasis added.)

However, the Report incorrectly claims that it is sufficient for Hale to have identified white referees that also participated in NCR events but received contracts.[2] The Report entirely ignores the *requirement* that the alleged misconduct of the similarly situated person must be equally **known** to the defendant. This *requirement* is well established by Fifth Circuit courts. *See Perez v. Texas Dep't of Crim. Just., Institutional Div.*, 395 F.3d 206, 210 (5th Cir. 2004) ("In determining whether Perez was treated differently from similarly situated employees because of his race, the issue is

---

[2] *Id.*, pg. 8-9.

whether Perez and his alleged comparator employees were similarly situated **from the perspective of their employer** at the time of the relevant employment decisions."); *Lee v. Kansas City Southern Ry. Co.*, 574 F.3d 253, 261 (5th Cir. 2009) ("Each employee's track record at the company need not comprise the identical number of identical infractions, albeit **these records must be comparable**"); *Davis v. AMPCO Sys. Parking*, 748 F. Supp.2d 683, 693 (S.D. Tex. 2010) ("Even if there were evidence in the record that Reyes was selling food, the two men are **not 'nearly identical'** because Reyes **had never been cited** for selling food previously.") (emphases added).

The contractee knowledge requirement flows logically from the foundational premise of disparate treatment discrimination law. If a contractee is unaware that a comparator contractor engaged in disfavored conduct similar to a plaintiff's, then, by definition, the contractee could not have treated the plaintiff more harshly because of that plaintiff's protected characteristic.

Hale at no point claims in his Third Amended Complaint that either Defendant - USAR or McGregor - knew that any of the comparator contractor Hale references had refereed an NCR event prior to granting them contracts.[3] The Report fails to analyze this fatal deficiency in Hale's pleadings.

Therefore, because Hale failed to plead any circumstantial evidence of either Defendant having a discriminatory motive in not contracting with Hale, he failed to adequately plead his Section 1981 race discrimination claim, and that claim must be dismissed.

C. **Hale's Conspiracy Claim is Fatally Deficient**

The Report incorrectly claims that the deficiencies in Hale's conspiracy to interfere with civil rights claim was not sufficiently briefed and fails to acknowledge the clear errors Hale has made in asserting this claim.[4] Allowing Hale's conspiracy claim to go forward would be an unjust

---

[3] *See* Doc. 40, ¶ 49-53.
[4] *See* Doc. 50, pg. 13.

dereliction of this Court's duty.

To sufficiently plead a conspiracy to interfere with civil rights claim, Hale's complaint must state: (1) a conspiracy involving two or more persons; (2) for the purpose of depriving, directly or indirectly, a person or class of equal protection of the laws; and (3) an act in furtherance of the conspiracy; (4) which causes injury to a person or property, or a deprivation of any right or privilege of a citizen of the United States; and (5) **a racially based discriminatory animus**. *See Chaney v. Races & Aces*, 590 F.App'x 327, 330 (5th Cir. 2014) (emphasis added); *see also Cantu v. Moody*, 933 F.3d 414, 419 (5th Cir. 2019) ("the only conspiracies actionable under section 1985(3) are those motivated by racial animus.")

As Defendants extensively briefed in their Motion,[5] [6] and as reiterated above, Hale pleads no basis, not even an attempt at a circumstantial basis, to establish that he experienced racial discrimination. Therefore, Hale has fundamentally failed to adequately plead his conspiracy claim.

In addition, again as Defendants have previously briefed,[7] Plaintiff fails to satisfy even the first pleading requirement to bring a claim for conspiracy to interfere with civil rights, because he fails to identify any second party with whom either Defendant is alleged to have conspired. Hale attempts to name two conspirators, but the first, Nick Ricono, is a USAR employee, and a corporation cannot conspire with itself. *See Hillard v. Ferguson*, 30 F.3d 649, 653 (5th Cir. 1994). The second alleged conspirator, David Wilkinson, is not alleged to have any interaction or shown to have any interaction with USAR or McGregor prior to his decision not to award Hale a contract.[8]

The Report's instruction that the Court ignore these deficiencies in Hale's conspiracy

---

[5] *See* Doc. 41, pg. 2 – 4.
[6] *See* Doc. 48, pg. 7-8.
[7] *Id.*
[8] *See* Doc. 40, Ex. C.

claim[9] is entirely impermissible. The Fifth Circuit directs that a district court may always dismiss a complaint for failure to state a claim, "as long as the procedure is fair." *Davodi v. Austin Indep. Sch. Dist.*, 755 F.3d 307, 310 (5th Cir. 2014) (further stating that "fairness in this context required both notice of the courts' intention and an opportunity to respond.") Hale has been aware of his failure to adequately plead his conspiracy claim for nine months, within three complaints, and has had the standard opportunity to respond. Per the Fifth Circuit "[a]t some point a court must decide that a plaintiff has had fair opportunity to make [their] case[, and] if, after that time, a cause of action has not been established, the court should finally dismiss the suit." *Jacquez v. Procunier*, 801 F.2d 789, 792 (5th Cir. 1986).

Because Hale has not, and cannot plead any valid claim for conspiracy to interfere with civil rights, this claim must be dismissed

**CONCLUSION AND PRAYER**

Based on the foregoing, the Court should, in part, overrule the Report of the Magistrate Judge and dismiss Hale's case with prejudice, and grant Defendants Jamie McGregor and USA Rugby such other and further relief as to which they might be entitled to at law or equity.

Date: June __, 2026                                Respectfully submitted,

---

[9] *See* Doc. 50, pg. 13.

**GORDON REES SCULLY MANSUKHANI, LLP**

By: */s/ Philip Robert Brinson*
       Philip Robert Brinson
       State Bar No. 00787139
       TransWestern Tower
       1900 West Loop South, Suite 1000
       Houston, Texas 77027
       (713) 961-3366
       prbrinson@grsm.com

**GORDON REES SCULLY MANSUKHANI, LLP**

**ATTORNEY FOR DEFENDANTS,
JAMIE MCGREGOR, AND USA RUGBY**

## CERTIFICATE OF SERVICE

I certify that on June 3, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and mailed a copy of the foregoing to:

Justin X. Hale
2904 Sprouted Grain
Seguin, TX
(979) 703-0894

                 */s/ Philip Robert Brinson*
                 Philip Robert Brinson