**RECEIVED**
June 04, 2026
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY:_____CC_____
DEPUTY

**FILED**
June 04, 2026
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY:_____CC_____
DEPUTY



# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| **JUSTIN X. HALE** | § | |
| *Plaintiff*, | § | |
| | § | |
| **V.** | § | **CASE NO. <u>1:2024cv01076</u>** |
| | § | |
| **JAMIE MCGREGOR, DIRECTOR OF** | § | |
| **TRAINING & EDUCATION USA RUGBY** | § | |
| **AND** | § | |
| **USA RUGBY** | § | |
| *Defendants*. | § | |

## PLAINTIFF'S OBJECTIONS TO THE REPORT AND RECOMMENDATION AND RESPONSE TO DEFENDANTS' OBJECTIONS

Plaintiff Justin X. Hale, proceeding pro se, respectfully submits these Objections to the Report and Recommendation ("R&R") entered on May 21, 2026, and Response to Defendants' Objections filed on June 3, 2026.

Plaintiff generally agrees with the Magistrate Judge's recommendation that the Race Discrimination claim under 42 U.S.C. § 1981 and the Conspiracy claim under 42 U.S.C. § 1985 should proceed. Plaintiff respectfully objects only to the recommendation dismissing the Retaliation claim and to the recommendation that future amendments be barred. Plaintiff further requests that the Court overrule Defendants' objections and adopt the R&R with respect to the Race Discrimination and Conspiracy claims.

## I. PLAINTIFF'S OBJECTION TO THE RECOMMENDATION DISMISSING THE RETALIATION CLAIM

Plaintiff respectfully objects to the recommendation dismissing the retaliation claim under 42 U.S.C. § 1981. While Plaintiff recognizes the Magistrate Judge's thorough analysis, Plaintiff respectfully submits that the allegations concerning Plaintiff's protected opposition and the adverse actions occurring throughout 2024 warrant further consideration.

### A. Plaintiff Plausibly Alleged Protected Activity

The Report concludes that Plaintiff's communications with Defendant McGregor focused on policy concerns rather than race discrimination. Plaintiff respectfully submits that the record supports a broader reading of those communications.

During the recorded May 1, 2023 call, Plaintiff immediately challenged the legitimacy and fairness of the exclusionary practice being applied to him, including questioning why the alleged restriction had never been provided in writing. Plaintiff specifically objected to what he believed was unequal treatment and selective enforcement of an unwritten restriction that was not being applied to similarly situated referees.

As alleged in the Third Amended Complaint, Defendant McGregor asserted that a written rule existed, yet no such rule was ever produced and Plaintiff alleged that white referees who engaged in the same conduct continued receiving opportunities. Drawing all reasonable inferences in Plaintiff's

favor, Plaintiff's challenge to this unequal contracting treatment plausibly constitutes protected activity under § 1981.

**B. The Retaliation Analysis Should Consider the 2024 Adverse Actions**

Plaintiff also respectfully submits that the retaliation analysis places substantial emphasis on the May 2023 assignment removal while giving less consideration to the alleged adverse actions occurring in 2024.

The Third Amended Complaint alleges that Plaintiff continued to experience adverse contracting consequences after voicing opposition to Defendants' conduct, including the alleged withholding of Major League Rugby opportunities in 2024 and Plaintiff's removal from Club National 7s opportunities in July 2024.

While Plaintiff acknowledges that the Court may ultimately conclude these allegations are insufficient to establish retaliation, Plaintiff respectfully submits that the sequence of events alleged in the Third Amended Complaint permits a plausible inference that adverse actions continued after Plaintiff's opposition and therefore should be considered as part of the retaliation analysis.

At the pleading stage, all reasonable inferences must be drawn in Plaintiff's favor. Plaintiff respectfully submits that the allegations concerning the 2024 events are sufficient to permit the retaliation claim to proceed into discovery.

Accordingly, Plaintiff respectfully requests that the District Court conduct a de novo review of the retaliation claim and consider whether the allegations concerning Plaintiff's protected opposition and the subsequent 2024 adverse actions are sufficient to survive dismissal.

## II. THE MAGISTRATE JUDGE CORRECTLY FOUND PLAINTIFF'S RACE DISCRIMINATION CLAIM PLAUSIBLE

Defendants object that Plaintiff failed to plausibly allege that Defendants knew the identified white comparators officiated National Collegiate Rugby ("NCR") events. This objection mischaracterizes both the allegations contained in the Third Amended Complaint ("TAC") and the pleading standard applicable under Rule 12(b)(6).

As the Magistrate Judge correctly recognized, Plaintiff identified multiple white referees who engaged in the same conduct. The TAC alleges that Defendants themselves vetted and classified Plaintiff and these white referees as professional equals by placing them all within the same elite National Development Group (NDG) or Regional Development Group (RDG) tiers.

Because USA Rugby itself created and administered these elite structures, it is not only plausible but a reasonable inference that the Director of Training was aware of the activities of the approximately 40 referees in this distinguished pool.

The TAC alleges facts supporting both actual and constructive knowledge. Plaintiff alleged that NCR tournaments were publicly known events that were widely publicized and, in many instances, streamed on publicly available platforms. Plaintiff further alleged that Defendant McGregor

served as Director of Training & Education for USA Rugby and maintained responsibility for elite referee development and assignments. From these allegations, it is entirely plausible to infer that McGregor was aware of where members of the National Development Group were officiating.

More importantly, Plaintiff alleged facts demonstrating actual knowledge. **During the recorded May 1, 2023 call, Defendant McGregor explicitly listed specific referees—'the Ciscos, the [K]ats, the Jacobs, the Alex'—and confirmed he had verified they were 'none of the other referees at that [NCR] tournament'. These statements provide direct evidence that McGregor was actively monitoring the whereabouts and assignments of individual referees to enforce his unwritten exclusion policy.** Defendants cannot credibly argue a lack of knowledge when their own Director of Training was name-checking specific officials to verify compliance.

Defendants' objection improperly asks the Court to resolve factual disputes and draw competing inferences in Defendants' favor. Whether Defendants actually knew of each comparator's NCR participation, the extent of that knowledge, and how such knowledge influenced contracting decisions are factual issues appropriately explored through discovery. At the Rule 12(b)(6) stage, Plaintiff is entitled to all reasonable inferences arising from the facts alleged.

The Magistrate Judge correctly concluded that Plaintiff plausibly alleged that similarly situated white referees engaged in the same conduct but were treated more favorably. The Magistrate Judge further correctly observed that scrutinizing whether those comparators were ultimately "similarly situated" is a matter better addressed on a developed factual record rather than at the pleading stage.

Accordingly, Defendants have failed to identify any legal or factual error in the Magistrate Judge's analysis. The Court should overrule Defendants' objection and adopt the Report and Recommendation with respect to Plaintiff's race discrimination claim.

## III. PLAINTIFF'S OBJECTION TO THE RECOMMENDATION PRECLUDING FUTURE AMENDMENTS

Plaintiff respectfully objects to the recommendation that future requests to amend be categorically barred. Plaintiff does not presently seek leave to amend the Third Amended Complaint. Rather, Plaintiff respectfully submits that a blanket prohibition on future amendments before discovery has commenced is premature.

Federal Rule of Civil Procedure 15(a)(2) provides that courts should freely grant leave to amend when justice so requires. The Fifth Circuit has repeatedly recognized a strong preference for resolving cases on their merits whenever possible.

The Magistrate Judge has recommended that Plaintiff's Race Discrimination and Conspiracy claims proceed beyond the pleading stage. Discovery has not yet begun, and Plaintiff has not had access to Defendants' internal communications, emails, text messages, assignment records, policies, or testimony. Much of the information relevant to Plaintiff's claims remains exclusively within Defendants' possession.

Discovery may reveal additional facts concerning the alleged conduct, the involvement of particular individuals, the timing of decisions, or other information not presently available to Plaintiff.

Should such evidence emerge, the interests of justice may warrant a narrowly tailored amendment consistent with Rule 15.

Plaintiff has not acted in bad faith and has made good-faith efforts to comply with the Court's prior instructions regarding amendment of the pleadings. Nor does Plaintiff presently seek to delay these proceedings through additional amendment.

Accordingly, Plaintiff respectfully requests that the Court decline to impose a categorical bar on future amendments and instead evaluate any future request for leave to amend, should one become necessary, under the standards set forth in Rule 15 and the circumstances existing at that time.

## IV. THE MAGISTRATE JUDGE CORRECTLY HELD THAT THE CONSPIRACY CLAIM REMAINS PENDING

Defendants object that the conspiracy claim under 42 U.S.C. § 1985(3) is "fatally deficient". This objection should be overruled because Defendants procedurally waived their challenge to this claim, and Plaintiff has substantively alleged a "meeting of the minds" between separate entities.

**1. Waiver of the Challenge** As the Magistrate Judge correctly observed, Defendants **failed to analyze or even mention** the conspiracy claim in their initial Second Motion to Dismiss. Under the procedural rules of this Court, a party cannot litigate the merits of a claim for the first time via an objection to a Report and Recommendation. Having failed to move for dismissal of Count IV earlier, Defendants have waived their right to challenge its plausibility at this stage.

**2. The Intracorporate Conspiracy Doctrine Does Not Apply** Defendants argue that USA Rugby cannot "conspire with itself". However, the Third Amended Complaint (TAC) alleges a conspiracy between Defendant McGregor (representing USA Rugby) and Major League Rugby (MLR), which Plaintiff has alleged is a separate legal and financial entity. The conspiracy involved an agreement with David Wilkinson, the MLR Head Referee Manager, to deprive Plaintiff of his contracting rights. Because MLR is an entity outside of USA Rugby, the intracorporate conspiracy doctrine does not apply.

**3. Direct Evidence of a Meeting of the Minds** Plaintiff has provided more than "naked assertions" of a conspiracy. The complaint points to **Exhibit C**, where MLR Manager David Wilkinson explicitly informed Plaintiff that his **"hands are tied"** regarding match appointments and directed Plaintiff back to Defendant McGregor to resolve the "issue". This provides direct evidence that MLR was not making an independent business decision but was instead executing a coordinated plan with the Defendants to block Plaintiff's contractual opportunities.

**4. Racial Animus** Defendants argue there is no basis for the required element of racial animus. However, Plaintiff has identified **multiple white referees** who engaged in the identical conduct (officiating for the NCR) but faced no impediments to their USA Rugby or MLR contracts. The selective enforcement of an unwritten "block" against the Black referee in the elite National Development Group, while sparing his white professional equals, supports a reasonable inference that the conspiracy was motivated by class-based animus.

Conclusion on Conspiracy The Magistrate Judge correctly concluded that the conspiracy claim is not subject to dismissal based on the Defendants' current motion and "will remain pending". Plaintiff respectfully requests that the Court adopt this recommendation and permit the claim to proceed to discovery.

## V. CONCLUSION

For the reasons set forth above, Plaintiff Justin X. Hale respectfully requests that the Court:

1. Adopt the Magistrate Judge's recommendation permitting the Race Discrimination claim under 42 U.S.C. § 1981 and the Conspiracy claim under 42 U.S.C. § 1985 to proceed;

2. Overrule the recommendation dismissing Plaintiff's Retaliation claim under 42 U.S.C. § 1981;

3. Decline to impose a categorical bar on future amendments; and

4. Permit this matter to proceed into discovery.

At this stage, the Court's task is not to determine whether Plaintiff will ultimately prevail, but whether he has pleaded "enough facts to nudge the claims across the line from conceivable to plausible". Plaintiff respectfully submits that the Third Amended Complaint satisfies this standard. Accordingly, Plaintiff requests that the Court permit his claims to proceed so that the merits of this dispute may be resolved based on a complete factual record.

Respectfully,

*/s/ Justin X. Hale*
Justin X. Hale
2904 Sprouted Grain
Seguin, TX 78155
(979) 703-0894
February 13, 2026
justinxhale@gmail.com

## CERTIFICATE OF SERVICE

I certify that on  Jul 10, 2025 , I electronically filed the foregoing with the Clerk of the Court using the Electronic Submission For Pro Se Filers, and e-mailed a copy of the foregoing on  Jul 10, 2025  to:

Philip Robert Brinson
1900 West Loop South, Suite 1000
Houston, Texas 77027
prbrinson@grsm.com

Date:  Jul 10, 2025

*/s/ Justin X. Hale*
Justin X. Hale
2904 Sprouted Grain
Seguin, TX
(979) 703-0894
justinxhale@gmail.com