IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JUSTIN X. HALE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 1:24-CV-1076-RP |
| | § | |
| JAMIE MCGREGOR and USA RUGBY, | § | |
| | § | |
| Defendants. | § | |

## **ORDER**

Before the Court is the report and recommendation of United States Magistrate Judge Mark Lane concerning Defendants Jamie McGregor[1] ("McGregor") and USA Rugby's (collectively, "Defendants") Second Motion to Dismiss, (Dkt. 41). (R&R, Dkt. 50). Plaintiff Justin X. Hale ("Plaintiff"), proceeding *pro se*, and Defendants each filed timely objections to the report and recommendation. (Defs.' Objs., Dkt. 51; Pl.'s Objs., Dkt. 52).

A party may serve and file specific, written objections to a magistrate judge's findings and recommendations within fourteen days after being served with a copy of the report and recommendation and, in doing so, secure *de novo* review by the district court. 28 U.S.C. § 636(b)(1)(C). Because Plaintiff and Defendants timely objected to the report and recommendation, the Court reviews the report and recommendation *de novo*.[2]

Defendants' two main arguments against the report and recommendation are that (1) Plaintiff's claim for race discrimination under 42 U.S.C. § 1981 is facially deficient because he does not plead that "the alleged misconduct of the similarly situated person [is] equally known to the

---

[1] Defendant McGregor is the "Director of Training & Education" for Defendant USA Rugby. (3d Am. Compl., Dkt. 40, at 5).

[2] The Court's analysis in this Order focuses on the arguments raised in the parties' objections. Regarding the elements of Plaintiff's claims that the parties do not challenge in their objections, the Court has reviewed the report and recommendation *de novo* and reaches the same conclusions for the reasons given in the report and recommendation.

defendant," and (2) Plaintiff's claim for conspiracy under § 1985 is facially deficient because he "fails to identify any second party with whom either Defendant is alleged to have conspired." (Defs.' Objs., Dkt. 51, at 2–4).

Regarding Defendants' first argument, and in light of the Court's obligation to liberally construe a *pro se* plaintiff's pleadings,[3] the Court is able to draw the plausible inference that USA Rugby and McGregor knew of similarly situated white individuals who officiated NCR events but nonetheless "faced no repercussions." (*See* 3d Am. Compl., Dkt. 40, at 10). For instance, McGregor allegedly told Plaintiff that it would not be acceptable to USA Rugby if a referee "turn[ed] up at [NCR] national championships and [were] on television," i.e., were officiating a high-profile, televised game for NCR. (*Id.* at 44). But Plaintiff alleges that a white comparator was "a referee in a widely viewed NCR tournament that was live streamed on a popular sports platform" and was subsequently contracted to officiate a Major League Rugby ("MLR") match, despite Plaintiff himself allegedly being barred from officiating MLR matches due to Defendants' purported influence over MLR. (*Id.* at 14, 17). Additionally, Plaintiff alleges that a white comparator made public statements "criticizing" USA Rugby and that the comparator described his own history of officiating for both organizations. (*See id.* at 14–15; Lake Statement, Dkt. 40, at 58). This comparator later "receiv[ed] promotions and [officiating] opportunities" from USA Rugby. (3d Am. Compl., Dkt. 40, at 15). At this stage of the litigation, the Court liberally construes Plaintiff's allegation that this white comparator made "public statements" as alleging that Defendants knew of these statements. *See Erickson*, 551 U.S. at 94. Accordingly, Plaintiff has sufficiently pleaded a race discrimination claim under § 1981.

Regarding Defendants' second argument, the Court rejects their contention that Plaintiff's conspiracy claim fails because the "second alleged conspirator, David Wilkinson, is not alleged to

---

[3] *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)).

have any interaction or shown to have any interaction with [USA Rugby] or McGregor prior to his decision not to award [Plaintiff] a contract." (*See* Defs.' Objs., Dkt. 51, at 4). Plaintiff alleges that USA Rugby and McGregor "wield" "direct influence" over David Wilkinson ("Wilkinson"), the "MLR Referee Manager," because USA Rugby provides "financial contributions to [his] salary." (3d Am. Compl., Dkt. 40, at 8, 17). Additionally, Plaintiff explicitly pleaded that "McGregor reached an agreement with [MLR's] head referee manager, David Wilkinson, that no further MLR contracts would be offered to Plaintiff 'until [he] speak[s] to Jamie.'" (*Id.* at 27). At this stage of the litigation, this is enough to plead a conspiracy between two individuals. Plaintiff has sufficiently alleged all elements of his § 1985 conspiracy claim.

The Court next addresses Plaintiff's objections. Regarding his retaliation claim,[4] he argues that he did plausibly allege protected activity during his phone call with McGregor in May 2023 and his Zoom call with McGregor in March 2024. (Pls.' Objs., Dkt. 52, at 2–3). The Court disagrees; there are no facts pleaded to support that he raised discrimination on the basis of race in the May 2023 phone call or March 2024 Zoom call. Accordingly, the Court will dismiss Plaintiff's retaliation claim.

Finally, Plaintiff objects to the Magistrate Judge's recommendation that the Court deny Plaintiff leave to amend. He represents that he does not wish to amend now; the main thrust of his argument is that "[d]iscovery may reveal additional facts concerning the alleged conduct." (*Id.* at 6). However, based on the facts pleaded after three attempts to state a claim for retaliation or association discrimination, the Court finds it would be futile to allow amendment on these claims; it is implausible that discovery would unearth facts to support either retaliation or association discrimination. The Court will therefore adopt the Magistrate Judge's recommendation to deny repleading of these claims, such that these two claims will be dismissed with prejudice. *See Foster v.*

---

[4] Plaintiff does not object to the recommendation that his association discrimination claim be dismissed. (*See* Pls.' Objs., Dkt. 52, at 1).

*Jesel*, 164 F.4th 401, 404 (5th Cir. 2026) ("The district court has discretion to dismiss a claim with prejudice under Federal Rule of Civil Procedure 12(b)(6) and to deny leave to amend a complaint where amendment would be futile.").

Accordingly, the Court **ORDERS** that the report and recommendation of United States Magistrate Judge Mark Lane, (Dkt. 50), is **ADOPTED**.

**IT IS FURTHER ORDERED** that Defendants' Second Motion to Dismiss, (Dkt. 41), is **GRANTED IN PART** and **DENIED IN PART**, such that:

- Defendants' Motion to Dismiss as to Plaintiff's claim for race discrimination under 42 U.S.C. § 1981 and as to Plaintiff's claim for conspiracy under 42 U.S.C. § 1985(3) is **DENIED**; and
- Defendants' Motion to Dismiss as to Plaintiff's claims for retaliation and association discrimination is **GRANTED**, such that these claims are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that the parties shall confer and file a joint proposed amended scheduling order to govern the remainder of this case on or before **July 8, 2026**.

**IT IS FINALLY ORDERED** that the Clerk of Court shall send this Order to Plaintiff via certified mail, return receipt requested, at the following address:

Justin X. Hale
2904 Sprouted Grain
Seguin, TX 78155

**SIGNED** on June 30, 2026.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE

4